STATE EX REL. TAYLOR, APPELLANT, *v.* CAREY, JUSTICE OF
THE PEACE, ET AL., RESPONDENTS.

(No. 5,714.)

(Submitted June 18, 1925.  Decided June 29, 1925.)

[238 Pac. 597.]

*Justices of the Peace—Jurisdiction—Judgments—Process—*
*Alias Summons—Unauthorized Issuance.*

Judgment—Court Loses Jurisdiction on Rendition.
  1.  Where a judgment has been rendered, the court loses jurisdiction
  over the subject matter of the action, other than to see that proper
  entry thereof is made and that the rights determined and fixed by it
  are enforced.

Same—Justice of the Peace—*Alias* Summons After Rendition of Judg-
ment in Same Action Unauthorized.
  2.  Where, in an action before a justice of the peace in which service
  of summons was had by publication, a judgment by default had been
  entered and a sum of money theretofore attached turned over to
  plaintiff in partial satisfaction of his claim, the court was without
  authority thereafter to issue an *alias* summons in the same action and
  upon personal service thereof to proceed to a second trial. (See
  par. 1 above.)

Courts, 15 C. J., sec. 139, p. 825, n. 85.
Process, 32 Cyc., p. 445, n. 13.

*Appeal from District Court, Silver Bow County; George*
*Bourquin, Judge.*

APPLICATION for writ of prohibition by the State, on the
relation of L. E. Taylor, against James F. Carey, as Justice
of the Peace in and for Silver Bow Township, Silver Bow
County, and another as his successor in office.  From a judg-
ment dismissing his application, relator appeals.  Reversed
and remanded, with directions.

*Mr. W. N. Waugh* and *Mr. John A. Shelton,* for Appel-
lant, submitted a brief; *Mr. Shelton* argued the cause orally.

*Mr. N. A. Rotering,* for Respondents, submitted a brief.

MR. JUSTICE STARK delivered the opinion of the court.

This is an appeal from a judgment of the district court of Silver Bow county, entered on February 7, 1925, dis-missing the relator's application for a writ of prohibition to restrain the respondents from proceeding further in a cause in the justice's court of Silver Bow township, wherein Frank M. Hickman was plaintiff and L. E. Taylor, the relator herein, was defendant.

Although the justice's court of Silver Bow township was not specifically named as a respondent in this proceeding, counsel in their briefs have treated the case as though it were, and we shall so consider it in order to make final dis-position of the controversy.

In the relator's petition it is disclosed that Frank M. Hickman brought an action against him in the above-named justice's court on May 3, 1924, to recover the sum of $295.50. A writ of attachment was duly issued in the action, and $124.50, belonging to the defendant, in the possession of Sweet Bros., Inc., was levied upon. Service of summons in the action was made by publication. The defendant did not appear therein, and on July 5, 1924, a judgment was duly rendered in favor of the plaintiff. On this judgment an execution was issued, the money theretofore levied upon under the writ of attachment taken, and turned over to the plaintiff in partial satisfaction of his claim. Thereafter, on December 15, 1924, the plaintiff in the action had a so-called *alias* summons issued therein, returnable on December 29, 1924. On December 27, 1924, the defendant appeared spe-cially in the action, objected to the jurisdiction of the court, and moved that the so-called *alias* summons be quashed on the ground: "That the jurisdiction of the said court was fully and completely exhausted on the fifth day of July, 1924; that thereafter the said court had no jurisdiction in

the said matter, either as to the person of the defendant, or the subject matter of said cause, and had no power * * * to further proceed in the said cause except for the enforcement of said judgment.'' The objection to the jurisdiction of the court and motion to quash were set for hearing on December 29, 1924, and, after having been argued were overruled.

In the relator's petition the above facts were set forth in detail, and copies of all the pleadings and proceedings attached thereto as exhibits. The petition then alleges that, unless the respondents are restrained from doing so, they will proceed with the hearing and determination of said cause and enter a second judgment therein, that such further proceedings will be without jurisdiction or authority, and prays that a writ of prohibition issue restraining further proceedings in the said cause except such as may be necessary for the enforcement of said judgment on July 5, 1924.

Upon the filing of this petition an alternative writ of prohibition was issued as prayed for, returnable on January 10, 1925. On the return day the respondents appeared and filed a motion to quash the writ on the ground that the petition did not state facts sufficient to entitle the relator to the relief prayed for, or to any other relief. This motion, having been submitted to the court, was sustained, and on February 7, 1925, a judgment was duly rendered and entered dismissing the petition at relator's costs. This is the judgment from which the relator has appealed.

The judgment entered in the justice's court on July 5, 1924, was a final determination of the rights of the parties in the action. Since service of the summons had been made by publication, the only relief which the plaintiff could demand in the action was to have a judgment under which the money theretofore levied upon under the writ of attachment might be taken under execution and applied toward the satisfaction of his claim.

When a judgment has been once rendered, the court loses [1] jurisdiction over the subject matter, other than to see that the proper entry thereof is made and that the rights determined and fixed by it are properly enforced. (*State ex rel. McHatton* v. *District Court*, 55 Mont. 324, 176 Pac. 608.) When the plaintiff, by virtue of the execution issued in the action, received and applied to his claim the full amount of the money which had been levied upon under the writ of attachment, his rights under the judgment had been properly enforced. Thus all the functions of the justice's court in connection with said action had been fully performed, and it had no further jurisdiction therein for any purpose.

After a judgment has been rendered and entered in an [2] action where service of the summons has been made by publication, the court thereafter has no authority to issue an *alias* summons and upon personal service of the same to proceed to another trial and enter another judgment therein.

Relator's petition states facts sufficient to entitle him to the relief demanded, and the court erred in sustaining the motion to quash the alternative writ.

The judgment is reversed and the cause remanded to the district court, with directions to overrule respondent's motion to quash the alternative writ of prohibition.

*Reversed and remanded.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.