W. M. DAVIDSON, *Petitioner,* v. FRED L. STRINGER, as Judge of the Circuit Court of the Twenty-fourth Judicial Circuit of Florida, and FRANK W. KELLS, *Respondent.*

147 So. 228.

Opinion filed March, 24, 1933.

*H. M. Hampton,* for Petitioner;

*Wilson & Boswell* for Respondents.

DAVIS, C. J.—This is an original proceeding in prohibition to restrain the Circuit Judge from entertaining jurisdiction in a foreclosure suit, by appointing a receiver for the mortgaged property at the instance of the mortgagor, after the property has been foreclosed upon by a final decree under which a sale has been made and deed to the purchaser executed.

The facts of the case are as follows: Frank W. Kells gave a mortgage to W. M. Davidson. Davidson instituted a foreclosure suit which resulted in the making of interlocutory order against the defendant in foreclosure (the mortgagor) who has appealed to the Supreme Court therefrom. The appeal from the interlocutory order was without supersedeas.

As a result of this, the suit in the court below proceeded to a final decree of foreclosure against the mortgagor. Sale was had under the final decree and the property sold to the mortgagee (complainant). The sale was confirmed, deed was executed and delivered pursuant to it, and the purchaser went into possession of the foreclosed premises he had obtained a deed for under the foreclosure sale. For other details concerning the controversy here involved see the opinion rendered when this case was once before considered here on appeal. Kells v. Davidson, 102 Fla. 684, 136 Sou. Rep. 450.

The property involved consists of an orange grove, with bearing citrus trees situate therein having fruit thereon ready to market. After the court had confirmed the foreclosure sale, and the complainant had gone into possession under his deed as a purchaser of the mortgaged property, the Chancellor, without notice, upon the petition of the defendant mortgagor, appointed a receiver of the property, authorizing the receiver to gather and market the crop and hold the proceeds for the benefit of the parties to the pending appeal from the interlocutory order which had been entered and appealed from before the final decree was entered, though without supersedeas.

So the question here to be decided is this: Should a Chancellor be prohibited from exercising jurisdiction to appoint a receiver to conserve the fruits of mortgaged land,

when it appears that an interlocutory order has been made, and has been appealed without supersedeas in a foreclosure case, which has gone to final decree and to sale of the mortgaged property, subject to any decision the appellate court might make with reference to the appeal from the interlocutory order, the petition for the receivership being filed as a part of the foreclosure case pending on appeal to the Supreme Court insofar as the interlocutory order was concerned.

We are of the opinion that the mere pendency of an appeal without supersedeas taken to the Supreme Court from an interlocutory order that was entered in a foreclosure case prior to a final decree of foreclosure and confirmation of sale of the mortgaged property, does not preserve to the Chancellor any jurisdiction to continue to exercise original jurisdiction in the cause, after his final decree has become inclusive. All of his jurisdiction has been exhausted by a final conclusion of the suit, subject only to the result of the interlocutory appeal in the appellate court.

A court, having obtained jurisdiction, retains it until final disposition of the cause, but after a final judgment or decree has been once duly rendered and the parties dismissed, and the judgment or decree has become final and is no longer open to be considered, because the time for doing so has passed, the jurisdiction of the court is exhausted, and it cannot take any further proceedings in the case, except with respect to the enforcement of the judgment or decree already rendered or, in a proper case, for its correction or vacation. 15 C. J. 825; Dickenson v. Huntington, 185 Fed. 703. When a judgment or decree has once been rendered, the Court loses jurisdiction over the subject matter of the suit, other than to see that proper entry of the judgment or decree is made and that the rights determined and fixed

by it are properly enforced. State *ex rel.* Taylor v. Carey, 74 Mont. 39, 238 Pac. Rep. 597; Davis v. Cass, 127 Me. 167, 142 Atl. Rep. 377. See also Stockton v. Harmon, 32 Fla. 312, 13 Sou. Rep. 833.

The fact that whatever a chancery court does after an appeal without supersedeas from an interlocutory decree is done subject to the ultimate exercise of the appellate jurisdiction of the Supreme Court on the pending appeal (Willey v. W. J. Hoggson Corp., 89 Fla. 446, 105 Sou. Rep. 126) does not continue the initial jurisdiction over the subject matter after the case has been closed by a final decree, even though such final decree is subject to being set aside should the appellate court reverse the interlocutory order and direct further proceedings to be had, the final decree to the contrary notwithstanding.

Should an interlocutory appeal without supersedeas result in a reversal of the interlocutory decree appealed from, and thereby void a final decree that has been rendered subject to the appellate outcome of the interlocutory order whose validity is involved in the appeal pending undisposed of when the final decree was entered, the court may in finally disposing of the case, adjust in the ultimate final decree, any equities that may have arisen as a result of the nullification after partial enforcement, of a final decree whose enforcement has occasioned losses to one of the parties for which restitution must be made in order to do equity.

If extraordinary relief is necessary to preserve the subject matter of a suit as against the acts of an irresponsible or insolvent party to the appeal acting under authority of subsequently entered decrees in the court below, although an appeal is pending which may make such acts invalid should the appellant prevail, relief to the injured appellant

is available in the appellate court, through a petition to the Supreme Court itself for an appropriate order for extraordinary relief under Section 5 of Article V of the State Constitution which reads as follows:

"The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in Circuit Courts, and of appeals from the Circuit Courts in cases arising before Judges of the County Courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants, and in cases of conviction of felony in the criminal courts, and in all criminal cases originating in the Circuit Courts. The Court shall have the power to issue writs of mandamus, *certiorari,* prohibition, *quo warranto, habeas corpus* and also all writs necessary or proper to the complete exercise of its jurisdimction. Each of the Justices shall have the power to issue writs of *habeas corpus* to any part of the State upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself or the Supreme Court, or any Justice thereof, or before any Circuit Judge."

We hold in this case that the respondent Circuit Judge was without jurisdiction to appoint a receiver for the mortgaged property at the instances of the mortgagor, after the original case had been concluded by a final decree of foreclosure and sale to the mortgagee, the mortgagee having gone into possession of the property under the final decree and sale pursuant thereto, even though the final decree under which the foreclosure sale was made and confirmed, was subject to the outcome of a previously entered undisposed of interlocutory appeal that antedated the final decree.

Prohibition awarded as prayed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.