**WILLIE T. RUSS v. B. L. SOLOMON, Administrator ad litem of the Estate of J. W. Russ, deceased, and FRANCES S. DAFFIN, Administratrix ad litem of the Estate of R. L. DAFFIN, deceased.**

12 So. (2nd) 121 January Term, 1943
February 2, 1943 Special Division B
Rehearing Denied March 9, 1943

*James H. Finch,* for petitioner.
*Charles M. Guyton,* for appellee.

CHAPMAN, J:

On July 3, 1942, this Court, by an appropriate order, dismissed an appeal heretofore taken in the case at bar having as its objective the review here of a certain decree dated November 12, 1941, affecting probate matters in a cause originating in the County Judge's Court of Jackson County, Florida. The aforesaid order dismissing the appeal was "without prejudice to review by certiorari the involved decree of the Circuit Court." See Russ v. Solomon, 151 Fla. 10, 9 So. (2nd) 95.

On October 14, 1942, pursuant to the order of dismissal, counsel petitions this Court under the provisions of Section 5 of Article V of the Constitution of Florida authorizing the issuance of a constitutional writ of certiorari and our former decisions, and represents that the judgment of November 12, 1941, rendered in the Circuit Court of Jackson County, Florida, herein should be quashed and vacated, was a mere *brutum fulmen* and not entered in accordance with the essential requirements of the law. Objections to the jurisdiction of this Court, under Section 5 of Article V of the Constitution and our former decisions, to consider the petition and a motion to dismiss on several grounds are presented. We have considered the merits of the motion coupled with the illness and death of Judge John H. Carter, Sr., former counsel for the respondent, and hold that this Court has jurisdiction of the subject matter and the motion of respondent to dismiss should be and is hereby denied. Litigants are charged as a matter of law, with the responsibility of bringing cases here in conformity with applicable statutes and rules of this Court governing appeals. Some confusion at the bar existed as to the time of taking appeals from judgments and decrees under the provisions of Chapter 20441, Acts of 1941, Laws of Florida, until construed or interpreted by this Court, and we consider these extenuating circumstances in connection with the motion to dismiss. See DeBowes v. DeBowes, 149 Fla. 545, 7 So. (2nd) 4.

The record discloses that J. W. Russ died intestate in Jackson County, Florida, February 7, 1930, leaving his wife,

Willie T. Russ, and their daughter, Frances Russ Dickerson, as sole heirs. The Estate of the late Mr. Russ consisted of income producing business property situated in the City of Marianna, and some 5,000 or 6,000 acres of farm and timber lands, and owned considerable money, but at the time of his death had but little actual cash money. Mrs. Willie T. Russ was by the County Judge of Jackson County appointed Administratrix of her deceased husband's estate, and immediately entered upon and continued to discharge all the duties as legal representative thereof.

Mrs. Willie T. Russ employed R. L. Daffin, formerly employed as bookkeeper by her late husband, to assist her as legal representative in keeping the books and working in the store collecting the accounts and other duties in behalf of the estate. He worked for a period of approximately three months, when he opened a business of his own, but kept books and collected periodically for the estate for about one year after opening his own business. After May 1, 1931, R. L. Daffin did not render services to the estate. On July 16th, 1931, Daffin rendered the administratrix a statement for services rendered in the sum of $1470.00, less a credit of $562.00, leaving a balance due Daffin in the sum of $908.00, and the statement of indebtedness was filed with the county Judge on August 9, 1931. County Judge D. H. Oswald refused to approve the Daffin claim and so advised Mrs. Willie T. Russ, administratrix, and she so advised Mr. Daffin. The payment of $562.00 was approved in 1941 when the annual reports showing her management of the estate by the administratrix were filed with the county judge. R. L. Daffin died in December, 1939, when his wife, Frances S. Daffin, was appointed administratrix ad litem, and on May 1, 1941, by petition applied to the Circuit Court of Jackson County for the payment of the claim for services rendered by her husband R. L. Daffin to the Russ estate prior to May 1, 1931.

On December 31, 1940, the Circuit Court of Jackson County had before it on appeal the case of Willie T. Russ v. B. L. Solomon, Administrator ad litem, involving a personal claim of Willie T. Russ against her husband's estate, and the claim for money due her by the estate was disallowed and an

appropriate order entered by the County Judge of Jackson County. The cause was submitted on appeal and an order entered by the circuit court reversing the order of the county judge's court directing him to enter an order approving and directing the payment of the claim of Willie T. Russ as a lawful item against the Russ estate. The cause was remanded, when the accounts of the estate, and final report were settled and approved, and on February 7, 1941, an order discharging Mrs. Willie T. Russ of the duties as Administratrix of the estate of J. W. Russ was made and entered by the County Judge of Jackson County, Florida.

Frances S. Daffin, administratrix ad litem of her deceased husband's estate, desiring to collect the sum of $908.00 alleged to have been due her late husband by the J. W. Russ Estate for services rendered as bookkeeper, rent collector and general office assistant prior to May 1, 1931, which claim had been approved by Willie T. Russ, Administratrix, but disapproved, in part, by the County Judge of Jackson County, applied by petition for leave and authority to present said claim to the circuit court, which had previously considered on appeal from the county judge's court a disputed claim of Willie T. Russ against the J. W. Russ Estate and reversed the same, with directions under date of December 31, 1940. On April 24, 1941, the petition to intervene and relitigate the aforesaid claim was by appropriate order granted. Appropriate pleadings were filed, testimony taken in the circuit court, and an order entered directing Willie T. Russ, Administratrix, to pay $808.00, without interest, as the amount found due on the R. L. Daffin claim for services rendered the estate prior to May 1, 1931.

The controlling question for adjudication, as reflected by the briefs of counsel, is viz: When in an appeal from the county judge's court to the circuit court in a probate case the circuit court pronounces judgment, and directs the manner in which the funds of the estate involved shall be distributed, and such funds are later, on the faith of such judgment distributed in accordance therewith, does the circuit court, after lapse of 72 days from the entry of its judgment in such appeal, have jurisdiction, on the petition of a stranger to the

record, to vacate or open said judgment and allow the matters therein involved and new matters to be litigated?

In the case of Tyre v. Wright, 144 Fla. 90, 197 So. 846, an administrator of Jesse L. Hadden Estate was appointed by the County Judge of Duval County, Florida, notice to creditors published, claims duly presented for payment, and some were approved, while others were by the administrator disapproved. When the administration of the estate was in progress in the County Judge's Court of Duval County, some of the heirs of Jesse L. Hadden filed in the Circuit Court of Duval County, Florida, an amended bill of complaint praying: (a) for a partition of the lands of the estate; (b) that the equity court assume jurisdiction of the administration of the Hadden estate to the exclusion of the county judge's court then exercising jurisdiction; (c) that certain claims previously presented be ordered disapproved and an accounting between the parties be decreed. The circuit court sustained the amended bill and held that it had jurisdiction of the estate and power to grant the relief prayed for. This Court granted interlocutory certiorari and reversed the order of the circuit court and held that Section 17 of Article V of the Florida Constitution conferred jurisdiction of the settlement of estates of decedents and minors on the county judge's court. The ruling was bottomed on Crosby v. Burleson, 142 Fla. 443, 195 So. 202; Pournelle v. Baxter, 142 Fla. 517, 195 So. 163. See State ex rel. North v. Whitehurst, 145 Fla. 559, 1 So. (2nd) 175.

The order of the circuit court of April 24, 1941, recited in substance that the petition to intervene should be granted and the parties heard on the truth of the recital of paragraph 4 of the opinion and judgment of reversal with directions dated December 31, 1940, when Willie T. Russ appealed to the circuit court from an order of the county judge's court denying her claim or account against the Russ Estate. Paragraph 4 thereof is viz:

"(4) The Court further finds that substantially all costs of administration of said estate have been paid, and that all preferred and priority claims existing against, or proven against, the said estate have been paid and that the admin-

istratrix of said estate had in her hands at the time of presenting her petition to the court below the sum of $2,088.00."

The order of April 24, 1941, recited that the Court reserved jurisdiction of the appeal for the purpose of determining the truth or error of the findings set forth in paragraph 4 *supra.* This order was made 72 days after the reversal with directions order had been entered.

The challenged order dated November 12, 1941, in part recites:

". . . it appearing from the petition and the evidence taken and filed on the issues raised by the recitals in paragraph (4) of said final opinion and judgment that the entire record in the case as required by Section 4645 . Compiled General Laws regulating appeals of this nature was not before the Court on appeal, nor the account of said R. L. Daffin now tendered as a necessary part of the record on appeal, now upon further consideration of the case the Court is of the opinion that the account of R. L. Daffin was a proper charge against the Administratrix of the Estate of J. W. Russ, deceased, and should be paid out of the funds of the estate. . . "

It was the holding of the court below that on the appeal taken in Willie T. Russ v. Soloman the entire record involving the Russ Estate proceedings appearing in the County Judge's Court of Jackson County, inclusive of the R. L. Daffin claim presented August 9, 1931, should have been certified in accordance with the several provisions of Section 4645 C.G.L., and had this Section of the statute been complied with, the circuit court could have considered and rules on the Daffin claim simultaneously with the Willie T. Russ claim against the J. W. Russ Estate.

The answer to this recital and contention is that the several provisions of Section 4645, C.G.L. are inapplicable to probate proceedings. Probate proceedings are regulated by Chapter 16103, Acts of 1933, Laws of Florida, commonly known as the Probate Act, our decisions construing or interpreting the same, and the applicable constitutional provisions. Section 52 of Chapter 16103, *supra,* provides that all orders,

judgments and decrees of the county judge finally determining the rights of any party in any particular proceedings in the administration of the estate of a decedent may, as a matter of right, be appealed to the circuit court, and from the circuit court to the Supreme Court. Section 53, *supra,* requires all appeals to the circuit court shall be taken within thirty days from the date of entry of the order, judgment or decree appealed. . . Likewise the circuit judge, upon application, shall fix a date of hearing the appeal within sixty days from the date of such appeal, unless the condition of the circuit judge's docket prevents or for some other satisfactory reason when the time for a hearing may be enlarged by an appropriate order . . . The ruling of the circuit judge upon the appeal shall be filed in the office of the clerk of the circuit court and duly recorded. When the thirty day period for taking an appeal therefrom to the Supreme Court has expired, it becomes the duty of the clerk of the circuit court to return the original file to the County Judge, with the mandate of the circuit court in accordance with the ruling of the circuit judge.

It is our conclusion that the circuit court, under the provisions of Section 53 of Chapter 16103, Acts of 1933, Laws of Florida, lost jurisdiction of the J. W. Russ estate at the expiration of thirty days next to or succeeding December 31, 1940. We decline to express an opinion as to the legality of the R. L. Daffin claim for services rendered the Russ Estate prior to May 1, 1931. See Davidson v. Stringer, 109 Fla. 238, 147 So. 228.

It is our conclusion that the orders dated April 24, 1941, and November 12, 1941, as entered in the lower court are not authorized by Chapter 16301, *supra,* and hence constitute a departure from the essential requirements of the law and therefore writ of certiorari is awarded and the orders complained of be and each are hereby quashed. See Tamiami Trail Tours v. Railroad Commission, 128 Fla. 25, 174 So. 451.

It is so ordered.

BUFORD, C. J., TERRELL, BROWN and THOMAS, JJ., concur.