DAYTON, Associate Judge.
On October 25, 1945, appellant Taylor, as owner, contracted with appellee Wood-ruff, as purchaser, for the sale of three lots in Sarasota County for a price of $4,500. Woodruff paid Taylor $1,000 and the balance was to be paid on March 1, 1946, or upon delivery of a warranty deed from Taylor and wife. Taylor’s wife did not join in the contract and did not join in the deed which Taylor tendered to Wood-ruff in June, 1946, which deed Woodruff refused to accept.
On October 25, 1947, Summers filed suit against Taylor as title holder, Woodruff as contractor to purchase, and others, ■ for the foreclosure of a mortgage.
In January, 1948, Taylor .represented to Woodruff that he believed he could get his wife to join in the' deed if Woodruff would pay an additional $1,500. Woodruff agreed to this proposal and a supplemental agreement to that effect'was entered into between them. Taylor’s wife still refused to join in the agreement and deed. In 1951, Taylor offered to deliver a deed without his wife’s joinder, which offer Woodruff rejected.
On November .6, 1951, the Court entered a decree holding, that the mortgage sought to be foreclosed was barred by the Statute of Limitations but the decree upheld as valid the original and supplemental contracts between Taylor and Woodruff.
Negotiations between Taylor and Wood- ■ ruff and their attorneys continued in an effort to obtain joinder of Taylor’s wife in the deed. In November, 1954, when advised that Taylor’s wife positively would not join in the deed, Woodruff offered to accept a deed without her joinder, at the original purchase price. Taylor then refused to deliver a deed, with or without such joinder.
On March 11, 1955, Woodruff filed his petition in the Court below tó construe, clarify and enforce the decree of November 6, 1951, and deposited $5,000 in the Registry of the Court. Taylor’s Motion to Dismiss for Lack of Prosecution was denied for the reason that the parties were actively negotiating and were equally delinquent since 1951. At final hearing the Chancellor determined that Woodruff was entitled to a warranty deed from Taylor without his wife’s joinder, upon payment of $3,500, plus six percent interest from March 1,, 1946, and repayment of taxes from 1946. Upon the receipt of such payment Taylor was ordered to convey within twenty days or the decree would stand in lieu of the deed. If Woodruff refused to pay, all ’ parties were to stand relieved of obligation, except that Taylor was to repay Woodruff the $1,000 paid in 1945, with interest at. six percent.
Appellant first submits that the case should have been dismissed for lack of' prosecution. The finding of the Chancellor' that both parties “ * * * were equally delinquent in failing to progress the suit” is amply supported by the record. The case-did riot stand upon 'the pleadings without affirmative action from 1951 until 1955, but' rested upon a final decree. We deem the action by Woodruff in filing his petition for clarification, etc., of such final decree to be-the institution of “ * * * proper proceedings to revive the abated cause”, Hancock v. Hancock, 128 Fla. 684, 175 So. 734, 738. Appellant next contends that he tendered to appellee a deed executed by-himself and without joinder of his wife in< 1951, and that since appellee rejected the same at that time he cannot later be heard upon application for that which he refused earlier.
It is apparent from the record that in 1951 both parties still believed it would, be possible to obtain the joinder of Taylor’s, wife in the- deed. The final decree from which this appeal is taken recites “on or about the — day of November, 1954, Taylor’s attorney notified Woodruff’s at *343 torney for the first time that Taylor’s wife positively refused to join in the deed and that further efforts to obtain the joinder of Taylor’s wife would he unavailing and without hope for success * * * (Emphasis supplied.) We observe that after being advised of the adamant attitude of Taylor’s wife in 1954, Woodruff agreed to accept a deed signed only by Taylor but that Taylor then refused to deliver such deed.
It is our view that because of the negotiations between the parties seeking the join-der in the deed by Taylor’s wife, appellee was not guilty of laches in seeking the relief prayed for. Had he known in 1951, when he refused Taylor’s tender of a deed signed by himself alone, that Taylor’s wife positively would never join in the deed, and with such knowledge rejected the deed, it could not be said that he exercised due diligence in seeking relief several years later. But such is not the case here. It was in November, 1954, that appellee learned “for the first time” that there was no hope , of obtaining a joinder of appellant’s wife in the deed. Under such circumstances we feel that the tender by appellant to appellee in 1951, on the same terms as contained in the final decree appealed from, is not a proper defense to the relief granted.
Appellant further contends that the Court erred in entering a decree upon the pleadings. Noting that the decree appealed from was entered for the purpose of clarifying and enforcing a former decree of the same court, we find that the record in the cause amply supports the findings of the Chancellor and we find no error in his entry of the decree.
The decree appealed from is, therefore, affirmed.
KANNER, C. J., and ALLEN, J., concur.