HENDRY, Judge.
This is an original proceeding in prohibition to restrain the circuit judge from exercising jurisdiction in a negligence action by way of an order of injunction which he had issued some thirty days after a final judgment in the cause had been paid and satisfied.
In the petitioner’s suggestion for writ of prohibition it is disclosed: That the order of injunction was issued in the case of Gussie M. (Williams) Cone v. Seaboard Air Line Railroad Company. That final judgment for $17,500 in that case was entered on March 7, 1961 and o(i April 7, 1961 said judgment was satisfied. That on April 27, 1961 the petitioner sent a notice to one Ollie B. Cook who was not a party but a witness to the cause and an employee of the petitioner. The notice is as follows:
■‘Mrs. O. B. Cook
“2050 N. W. 68th Terrace
“Miami, Florida
“You are hereby notified to appear for formal investigation to be held at 10:00 A.M., May 2, 1961, in the Office of Assistant Master Mechanic, Hialeah Shops. You are charged with, conduct unbecoming an employee in the false testimony you gave in the suit of G. M. Williams against the Seaboard Air Line Railroad Company.
“You may be represented at such investigation in accordance with the *460 terms of your working agreement and have witnesses present if you so desire.
"F. B. Clark
“Master Mechanic”
The investigation was not held because of the entry of the injunction order of May 2, 1961 which is as follows:
“This matter having come on before me to be heard upon the petition of Ollie B. Cook, and the Court having heard argument of counsel, and being otherwise fully advised in the premises, it is thereupon
“Ordered and Adjudged that the Seaboard Air Line Railroad Company, a corporation, Mr. F. B. Clark and their agents, servants, employees or representatives are hereby enjoined from and ordered not to conduct any investigation whatsoever or hearing concerning the testimony of Ollie B. Cook in the matter of Gussie M. (Williams) Cone vs. Seaboard Air Line Railroad Company, a corporation, without having first petitioned this Court for a hearing date and only then upon ptbper notice to all parties concerned shall a hearing be held before this Court concerning this matter.
“Done and Ordered in Chambers at Miami, Florida, this 2d day of May, 1961.”
The petitioner complains that the entry of the above order was in excess of the jurisdiction of the circuit court.
The respondent in his return to the rule nisi which issued asserted:
(1) That the petitioner has instituted an administrative proceeding to establish the alleged fact that Ollie B. Cook gave perjured testimony before the court in the case of Cone v. Seaboard Air Line Railroad Company. Such a proceeding is in the nature of a collateral attack on the judgment rendered on the ground of fraud in the procurement. In such case as this the court has continuing jurisdiction over the subject matter to correct the judgment at any time.
(2) That the petitioner has taken administrative steps to censure and intimidate a witness for allegedly giving false testimony before the court. Public policy and safe administration of justice require the protection of witnesses from harassment by a defeated party in a legal controversy.
So the question here to be decided is: Did the judge of the circuit court act without and in excess of his jurisdiction in entering the order of injunction on May 2, 1961, the date being almost one month after the judgment had been satisfied.
Upon review of the record we are of the opinion that the circuit court lost jurisdiction of the cause when the judgment was paid and satisfied on April 7, 1961.
Where a court’s jurisdiction over the person or the subject matter of an action has been terminated the court is as destitute of jurisdiction as if jurisdiction either of the subject matter or of the person had never been acquired. 42 Am.Jur., Prohibition, § 25, p. 162.
In the case of Davidson v. Stringer, 109 Fla. 238, 147 So. 228, 229, our Supreme Court pointed out that:
“A court, having obtained jurisdiction, retains it until final disposition of the cause, but after a final judgment or decree has been once duly rendered and the parties dismissed, and the judgment or decree has become final and is no longer open to be considered, because the time for doing so has passed, the jurisdiction of the court is exhausted, and it cannot take any further proceedings in the case, except with respect to the enforcement of the judgment or decree already rendered, or, in a proper case, for its correction or vacation. 15 C.J. 825; Dickinson v. Huntington (C.C.A.) 185 F. 703.
*461 When a judgment or decree has once been rendered, the court loses jurisdiction over the subject-matter of the suit, other than to see that proper entry •of the judgment or decree is made and that the rights determined and fixed by it are properly enforced. State ex rel. Taylor v. Carey, 74 Mont. 39, 238 P. 597; Davis v. Cass, 127 Me. 167, 142 A. 377. See, also, Stockton v. Harmon, 32 Fla. 312, 13 So. 833.” See also, 21 C.J.S. Courts § 94, pp. 147-148.
It is inescapably clear that the judgment herejn, having already been satisfied, is not now in dispute. Whether the above fact situation represents an infringement of any of the rights of the witness, Cook, is not now before this court. The enforcement of such rights, if any, would necessarily be the subject matter of a new action. Judgment in prohibition is awarded, but we assume it will not be necessary to issue the writ Absolute.