312 So.2d 516 (1975)
John R. HOPWOOD et al., Appellants,
v.
Phil REVITZ et al., Appellees.
No. 74-1163.
District Court of Appeal of Florida, Third District.
April 29, 1975.
Rehearing Denied June 2, 1975.
Fine, Jacobson, Block & Semet, Miami, for appellants.
Rosenberg, Rosenberg, Reisman & Glass, Miami, for appellees.
Before BARKDULL, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellants here were the respondents in the trial court to a petition entitled "Petition to Clarify and Enforce Final Judgment." These appellants are persons claiming to have rights to the use of the marina facilities operated by the Kings Bay Yacht and Country Club. The appellees *517 collectively are the owners of the Country Club and a part of the Kings Bay subdivision. The order appealed was entered after the taking of testimony and determined basically that the appellants would be required to pay for the use of the marina facilities the sum of $45.64 per month.
This litigation had its inception in 1968 when the parties who are now appellants filed a complaint in the circuit court claiming the right to the use of the marina facilities upon a reduced rate. The original complaint was based upon claimed rights under a declaration of restrictive covenants issued by the developer of the Kings Bay subdivision. The Kings Bay Yacht and Country Club is a subsequent holder of real property from this original developer and has assumed certain obligations from the developer. The declaration of restrictive covenants gave to certain property owners in Kings Bay subdivision the right to use the pier facilities of the marina for a flat rate of $2.50 per month. The Club developed and expanded the marina and the services it offered. As a consequence, the Club maintained in its answer and counterclaim that the declaration of restrictive covenants were no longer effective and that they should be able to charge all users on the same basis. This portion of the litigation was terminated by a stipulated final judgment entered on December 4, 1969. Two parts of this judgment are essential to the present controversy. One portion of the consent judgment determined that the property owners "shall continue to pay to THE CLUB, INC. the monthly fee of $3.50 ..." and that "water service to said boat slips shall not be discriminatorily discontinued to said boat slips nor furnished thereto at a discriminatory rate."[1] The other important portion is as follows:
"5. This Final Judgment shall be binding upon the parties hereto, their heirs, personal representatives, successors and assigns, so long as the Declaration of Restrictive Covenants pertaining to Kings Bay Subdivision, recorded in Deed Book 4059, at page 230, of the Public Records of Dade County, Florida, shall remain in effect."
The present stage in the litigation was begun, as above mentioned, by a petition by the Club labeled "Petition to Clarify and Enforce Final Judgment." This petition was filed April 11, 1974, and it urges that the Club should no longer be bound by the terms of the consent judgment entered on December 4, 1969, but that the Club should be entitled to a declaration by the court to "determine the expenses of [the] CLUB of the kind and character hereinabove set forth to be ratably allocable to all boat slips in said Marina ..." After a consideration of the motion to dismiss and the entry of a preliminary order setting forth the trial judge's conclusions as to the law applicable, the cause was tried and a final judgment entered which is herein appealed. That final judgment granted to the Club the relief it sought and held as follows:
"2. The following are determined to be the amount of such expenses, on an annual basis, currently to be allocated among the users of the one hundred ten (110) boat slips in said Marina:

 Eighty (80%) per cent of wages for
 dockmaster and helpers $11,920.00
 Security Guard wages 10,950.00
 Electricity for lighting 5,000.00
 Miscellaneous supplies 713.00
 Water 1,063.00
 Trash and garbage disposal 2,800.00
 Cleaning and general maintenance
 of Marina grounds and parking lots 7,803.00
 Accounting expenses 5,000.00
 One-third of Club Manager's salary 15,000.00
 __________
 Total . . $60,249.00

The total of said direct expense of the operation of said boat slips and related facilities is hereby allocated on a pro rata monthly basis so that the amount of such expense chargeable to each user of a boat *518 slip in said Marina is Forty-Five and 64/100 ($45.64) Dollars per month which shall be billed by THE CLUB, INC. to each of said users, payment thereof being a condition to the use of a boat slip in said Marina."
The lot owners urge that they, as the beneficiaries of the recorded restrictive covenants, may not be required to pay a fee higher than that prescribed in the covenant as long as the covenant is in full force and effect. We find that this position is well taken. See Tri Par Land Development Corporation v. Henthorn, Fla. App. 1970, 241 So.2d 429.
The lot owners' position is further substantiated by the fact that the trial court did not have jurisdiction to amend or change the consent final judgment in a subsequent petition to clarify and enforce the final judgment. Though it is true that a trial court has a continuing jurisdiction in cases where the relief granted is of a continuing nature, such jurisdiction is severely limited and exists only for the purpose of enforcing a final judgment over which the trial court has otherwise lost jurisdiction. Davidson v. Stringer, 109 Fla. 238, 147 So. 228 (1933).
The Club urges that jurisdiction continued in the trial court to modify its final judgment under the following cases: Clem v. Clem, Fla.App. 1966, 183 So.2d 742; Sapp v. Warner, 105 Fla. 245, 144 So. 481 (1932); State v. Baskin, 111 Fla. 667, 150 So. 517 (1933), and Coggan v. Coggan, Fla.App. 1966, 183 So.2d 839. We think it is clear, however, that the jurisdiction therein referred to does not allow a modification except by way of enforcement.
The Club further suggests that the appealed judgment is not appealable except as to matters in which it departed from the prior order of the trial court setting forth his conclusions of law applicable to trial of the issue before him. In our view, this position is not tenable because the Club's petition for modification of the consent judgment was in actuality a new proceeding. The order appealed was thus a final judgment upon the Club's petition. As such, it is appealable and brings with it the right to assign error to any interlocutory order.
Having reached the conclusion that the court did not have jurisdiction over the subject matter and that it mistakenly attempted to modify a consent judgment, we reverse the judgment appealed. The cause is remanded to the trial court with directions to dismiss the petition without prejudice to the filing of an independent action by any of the parties to the petition if they should find such advisable.
Reversed and remanded.
NOTES
[1] $1.00 was agreed upon as a proper monthly charge for water service.