321 So.2d 628 (1975)
BUCKLEY TOWERS CONDOMINIUM, INC., a Florida Corporation, Appellant,
v.
Herbert BUCHWALD, Trustee, Appellee.
No. 75-201.
District Court of Appeal of Florida, Third District.
October 7, 1975.
Rehearing Denied December 1, 1975.
Joseph S. Paglino, Miami, for appellant.
Darrey A. Davis, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This appeal is taken by Buckley Towers Condominium, Inc. to review the validity of the trial court's order enforcing a court approved settlement agreement between the parties to this litigation.
Buckley Towers Condominium was developed by the appellee herein, Herbert Buchwald, in the late 1960's. During the years 1970 and 1971 the unit owners of Buckley Towers Condominium became dissatisfied with, inter alia, the management contract contained in the declaration of condominium and instituted litigation to divest themselves therefrom. Subsequently, the parties entered into a written settlement agreement which was approved by order of the trial court. Incorporated in this agreement was a provision concerning the 99 year lease of the recreational facilities by the condominium unit owners (hereinafter referred to as the community facilities lease). The community facilities lease was secured by collateral assignment of the rents by special bank deposits. The order approving the settlement agreement expressly provided:
"2. The above styled consolidated cases are dismissed with prejudice. The Court retains jurisdiction of this consolidated litigation solely for the purpose of enforcing the terms, provisions and conditions *629 of said Agreement, and for the entry of such orders as may be necessary or reasonably required in connection with the performance of said Agreement."
The parties performed all the terms of the settlement agreement until November 19, 1974 when appellant association informed appellee Buchwald that it questioned the legality of the community facilities lease and refused to pay the rent prescribed therein. Thereupon, Buchwald filed the instant motion to compel enforcement of the court approved settlement agreement. Buckley Towers Condominium, Inc. filed a response alleging the lease was illegal, it was in the process of filing a complaint in the U.S. District Court with respect to the illegality of the lease, and the trial court was without jurisdiction in that appellee has not filed a new complaint. After a hearing thereon, the trial judge entered the appealed order which reads in part:
"1. The settlement agreement made and entered into on April 8, 1971, a copy of which is attached to and made a part of the order of this Court rendered herein on May 12, 1971, ratifying, confirming and approving the settlement agreement, is valid and in full force and effect and binding in all respects on the parties executing the settlement agreement.
"2. All parties, including plaintiff condominium association, BUCKLEY TOWERS CONDOMINIUM, INC., and the condominium apartment unit owners and members of said condominium assocation, as class plaintiffs, are required to comply with, perform, abide by, and live up to the terms and conditions of said settlement agreement, including the Community Facility Lease made a part of the settlement agreement.
"3. That the defendant, HERBERT BUCHWALD, TRUSTEE, as lessor, have and recover from plaintiff, BUCKLEY TOWERS CONDOMINIUM, INC., as lessee, the sum of $32,105.87 as unpaid delinquent rents due under the Community Facility Lease on December 1, 1974, and January 1, 1975, with interest to the date hereof, for which let execution issue.
"4. The said plaintiff condominium association shall pay to said defendant forthwith and immediately the ad valorem tax escrow installments due on December 1, 1974, and January 1, 1975, in the aggregate sum of $2,000.00.
"5. The Court reserves ruling on defendant's application for attorneys' fees to be awarded in accordance with the provisions of the Community Facility Lease, pursuant to further hearing upon due notice.
"6. This Court retains jurisdiction of the subject matter and the parties for the purpose of enforcing the terms and conditions of the said settlement agreement and the provisions of this order."
Appellant condominium association basically contends the trial judge was without jurisdiction over the subject matter or the parties. We cannot agree.
There are numerous case law holdings that even without an express reservation thereof, jurisdiction inherently remains in the trial court to make such orders as may be necessary to enforce its judgment. See Dade County, et al. v. Richter's Jewelry Co., Inc., Fla.App. 1969, 223 So.2d 375; City of Miami Beach v. Cummings, Fla.App. 1971, 251 So.2d 715 and Hopwood, et al. v. Revitz, et al., Fla.App. 1975, 312 So.2d 516 and cases cited therein. Moreover, we find the motion for order requiring appellant to comply with the court approved settlement agreement filed by the appellee to be a proper pleading to institute the enforcement action. Cf. Taylor v. Woodruff, Fla.App. 1957, 97 So.2d 341; Coggan v. Coggan, Fla.App. 1966, 183 So.2d 839, 841 and see Annot., 94 *630 A.L.R.2d 504, 514 (1964) and cases cited therein.
We also have reviewed appellant's remaining points on appeal and find them to be without merit.
Accordingly, the order appealed is affirmed.
Affirmed.