LETTS, Judge.
Certiorari is denied.
This is yet another attack on the jurisdiction of a medical mediation panel, the petitioners claiming that jurisdiction was lost because the panel’s written decision was not rendered within the required 30 day period set forth in Section 768.44(7), Florida Statutes (Supp.1978) and Rule 20.200 of the Rules of Medical Mediation Procedure set forth in 348 So.2d 547 (Fla.1977).
The written decision rendered some 11 days beyond the time limitation stated:
THIS CAUSE coming on in accordance with Florida Statute 768.133, and the panel, consisting of Dr. H. J. KAO, Mr. EMIL JACZYNSKI, and Judge ARTHUR FRANZA, having heard the testimony and argument of counsel, makes the following finding:
We find the Defendant, WILLIAM H. KIRKLEY, M.D. with actionable negligence in his care or treatment of the patient, DIANE BEHE, and we, therefore, find for the Plaintiff, DIANE BEHE.
DONE AND ORDERED, in Fort Lauder-dale, Broward County, Florida, this 1st day of June, 1978.
/s/ DR. H. J. KAO
/s/ EMIL JACZYNSKI
/s/ ARTHUR FRANZA
CIRCUIT COURT JUDGE
It is conceded that at the conclusion of the final hearing the panel orally “announced to counsel for the parties their unanimous decision and announced that they had found liability against the defendant.”
We are of the opinion that the trial judge was correct in deeming the overdue reduction of the decision to writing to be no more than a ministerial act over which he retained jurisdiction.
 As was said in Davidson v. Stringer, 109 Fla. 238, 147 So. 228 (1933):
“A court having obtained jurisdiction retains it until final disposition of the cause, but after a final judgment . has been once duly rendered the jurisdiction of the court is exhausted.”
We know of no reason why this quoted concept should not apply equally to the deliberations of a medical mediation panel *244 unless the termination of jurisdiction is specifically governed by some other statute or rule of court.
We are well aware that in four separate instances we are required by the mandate of our Supreme Court in Rule 20.190 Fla.R. Med.P. to strictly enforce the termination of jurisdiction of such panels. See Diggett v. Conkling, 368 So.2d 74 (Fla. 4th DCA 1979). However this is not one of those four instances. In fact this involves a subsequent rule, not included under the heading “Termination,” that addresses itself to the procedural requirement that the panel’s decision be reduced to writing. This latter rule contains no time limitation declaring the requirement of a written decision within 30 days to be jurisdictional.
We have also asked ourselves the question of what effect a delay of nearly two years would have if the written decision was not rendered until just before the statute of limitations ran? The answer was given in Chambers v. Gual, 365 So.2d 213 (Fla. 4th DCA 1978) wherein Judge Moore, speaking for the court said:
“The effect of the 60 day provision is to extend the applicable statute of limitations up to 60 days after termination of the mediation proceeding in those cases where less than 60 days remain on the statute of limitations.”
Certiorari denied. •
DOWNEY, C. J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.