PER CURIAM.
This is an original proceeding in prohibition filed in this court by the relator, Central and Southern Florida Flood Control District. This relator seeks to prohibit the respondent, as judge of the Circuit Court of the Eleventh Judicial Circuit, from assuming or exercising any jurisdiction in an action commenced by the complaint of John G. DuPuis, Jr. and Susan H. DuPuis, his wife, against the Central and Southern Florida Flood Control District. We have issued the rule nisi and have received respondent’s return to rule nisi. After having heard argument and considered the briefs and the motions filed by respondent, we have determined that the rule in prohibition should be made absolute.
The complaint referred to was entitled “Original Proceedings by Petition in the Nature of a Bill of Review.” This complaint alleged, among other things, the following :
“4. Your petitioner, JOHN G. DU-PUIS, JR., avers that he had never deeded nor otherwise alienated nor lost title to any of his lands across which the defendant claimed an apparent title, and furthermore petitioner avers that the District had of record as of April 17, 1957, absolutely no recorded deed or other claim against petitioner’s property. Petitioner further avers that the defendant District had never been in possession, either constructively or otherwise, of any of your petitioners’ lands.
“5. Your petitioner, JOHN G. DU-PUIS, JR., filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, his Bill of Complaint to Enjoin Trespass, Clouding Title, and for other Relief (Exhibit ‘A’). Thereafter the defendant answered said Bill (Exhibit ‘B’), which was later amended (Exhibit ‘C’), and defendant answered the amendment to the Complaint (Exhibit ‘D’).
“6. Thereafter a Final Decree and Judgment was entered on behalf of the petitioner, JOHN G. DUPUIS, JR. (Exhibit ‘E’).
*141 “7. That thereafter an appeal was taken by the defendant and the lower court was reversed by the District Court of Appeal, Third District (Exhibit ‘G’).
“8. That thereafter a petition for Writ of Certiorari was filed (Exhibit ‘E’ (1-16), which the Supreme Court of Florida denied (Exhibit T).
“9. That thereafter your petitioner, JOHN G. DUPUIS, JR. petitioned for Writ of Certiorari in the Supreme Court of the United States (Exhibit ‘J’), which was thereafter denied (Exhibit T).
⅝ ⅜ ⅝ ⅝ ⅜
“16. That the original oversight or error of the District Court of Appeal, Third District, in reversing the Circuit Court chancellor, resulted in a legal or technical fraud of your petitioners in a sum exceeding $200,000, and has led to a completely unlawful and inequitable result as to your petitioners by depriving them of private property without just compensation, and is contrary to the provisions of Section 12, Declaration of Rights, Constitution of Florida, and the Fifth Amendment of the Constitution of the United States.”
The complaint contained the following prayer:
“WHEREFORE, petitioners pray this Honorable Court to take jurisdiction of the subject matter and the parties hereto, and after ascertaining as ' the petitioners submit that a technical or legal fraud or legal error has been committed, by virtue of all of the foregoing shown in this petition and with the exhibits attached hereto and made a part hereof, require such answer if any be necessary by the defendant, and to issue such orders and decrees as will compensate the petitioners for their property that has been taken and usurped by the defendant, and for any and all excavated materials that the defendant has taken and used for its own benefit, and pay the petitioners for the use and occupation of the petitioners’ property, and order the payment of a reasonable attorney’s fees, costs, and expert witness fees, all in accordance with the Constitution, Statutes, and Laws of the State of Florida.”
The Central and Southern Florida Flood Control District, as petitioner in this court, alleges that the circuit court is without jurisdiction to review the decision of this court in the cause instituted by John G. DuPuis, Jr., referred to in paragraph no. 7 of that portion of the complaint set out above. See Davidson v. Stringer, 109 Fla. 238, 147 So. 228, 229. The respondent urges that the “Original Proceeding by Petition in the Nature of Bill of Review” which was brought in the circuit court was brought under authority of Rule 1.38(b);[1] *142 and that, therefore, it was not necessary to apply for and receive the permission of the appellate court prior to bringing the complaint, which was an “independent action” under the rule.
There is no doubt that prior to the amendment of Rule 1.38, Florida Rules of Civil Procedure, on July 1, 1962,[2] it was necessary to secure the permission of the appellate court whose judgment was sought to be reviewed before filing the bill in the nature of a bill of review. Alford v. Nunez, Fla.1959, 111 So.2d 425. Compare Deauville Realty Co. v. Tobin, Fla.App.1960, 120 So,2d 198. The question then is whether the amendment of Rule 1.38 eliminates the long recognized rule that when a judgment has been appealed and reversed or affirmed, the subsequent judgment is that of the appellate court, and the permission of that court must be obtained before the filing of an independent action to review the same because of alleged fraud or similar ground.
As previously stated the respondent urges that the effect of this change of the rule was to obviate the necessity for application to the appellate court.
Rule 1.38, Florida Rules of Civil Procedure as now written is substantially the same as Rule 60, Federal Rules of Civil Procedure. A recent case decided under this rule has held that the trial courts do not have jurisdiction to entertain either an independent action or a motion to review a judgment which has been affirmed on appeal without leave having been first obtained from the appellate court. Geuder, Paeschke & Frey Co. v. Clark, 288 F.2d 1, 85 A.L.R.2d 766 (7th Cir.1961).
We therefore hold that for the circuit court to obtain jurisdiction of an action to relieve a party from a judgment, decree, order, or proceedings which has become the judgment of the appellate court, it is necessary for leave to be first obtained from the appellate court. Having reached this conclusion, and having so advised the respondent by this opinion, we anticipate that it will not be necessary to issue the rule absolute.

. Rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A., provides:
“(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a *142 party from a judgment, decree, order, or proceeding, or to set aside a judgment or decree for fraud upon the court.
“Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.”

. Prior to amendment which added paragraph (b) to the rule, it consisted of one section dealing with clerical mistakes.