PER CURIAM.
This is an appeal from a judgment entered after a non-jury trial in which the trial judge found that the defendant was guilty of “fraud, deceit, overreaching and *860 undue influence in gaining possession of plaintiff’s property without consideration. * * * ” The basis of the appeal is that the court failed to apply the law of the rescission of contracts. Appellant holds that law to be controlling upon the facts of this case. In the alternative appellant argues that if the case is one of fraud, then fraud was not proven by clear and convincing evidence.
. Our review of the record convinces us that the trial judge correctly found that the law applicable to this case is set out in Adams v. Saunders, 139 Fla. 730, 191 So. 312 (1939), and Rich v. Hallman, 106 Fla. 348, 143 So. 292 (1932). In the latter case the Supreme Court of Florida held:
“In view of the age and infirmity of the donor, the confidential relation existing between the donor and the donee, the influence shown to have been exerted over the donor by the friends of the donee and by the donee herself, and in view of other facts and circumstances peculiar to this case, we feel impelled to hold that the duty was on the donee to show that the assignment of the note and mortgage brought in question was bona fide and that it was not secured by undue influence, deceit, or other improper means. Peacock v. DuBois, 90 Fla. 162, 105 So. 321; Nelson v. Brown, 164 Ala. 397, 51 So. 360, 137 Am.St.Rep. 61; Haslinger v. Gabel, 344 Ill. 354, 176 N.E. 340; Allore v. Jewell, 94 U.S. 506-513, 24 L.Ed. 260, pages 263, 264; 12 R.C.L. 972; Black on Rescission and Cancellation, §§ 249 and 253.
“All these authorities support the general rule founded on public policy that, where a mutual confidential relation exists and a gift is made to one in whom the confidence is reposed, it is prima facie void because of such relation. The law presumes, in other words, when such relation exists, that the gift was obtained by undue influence or other improper means. When persons occupy positions of trust and confidence as did the parties to this cause, they are held to a strict measure of candor in their dealings, and any transactions between them predicated on a grossly inadequate consideration will be viewed as suspicious. Equity raises a presumption against the validity of such dealings, and imposes on the vendee or the donee the burden of showing the good faith and voluntary conduct of the donor or the vendor as the case may be. 12 R.C.L. 972, and cases cited.” 143 So. at 293.
Having determined that the trial judge applied the correct law to the factual situation before him, we find it unnecessary to detail the facts in order to justify the conclusion of the trial judge and this court.
Affirmed.