252 So.2d 854 (1971)
FAIRFAX BROADCASTING COMPANY, a Florida Corporation, Petitioner-Cross-Respondent,
v.
FLORIDA AIRMOTIVE, INC., and Pacific Indemnity Company, Cross-Petitioners-Respondents,
v.
Harry L. CAMPBELL and Lloyd Mack, Respondents.
No. 71-20.
District Court of Appeal of Florida, Fourth District.
October 5, 1971.
*855 Thomas A. Hoadley and Robert M. Montgomery, Jr., of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for petitioner-cross-respondent.
Kermit Guy Kindred, of Batchelor, Brodnax, Guthrie & Kindred, Miami, for cross-petitioners-respondents.
William S. Frates II, of Beverly & Frates, West Palm Beach, for respondent, Campbell.
CROSS, Judge.
This is a petition for certiorari by petitioner-third party defendant, Fairfax Broadcasting Company, and a cross-petition by respondent-defendant, Florida Airmotive, Inc., seeking review of an order in favor of respondent-plaintiff, Harry L. Campbell. The order sought to be reviewed set aside a partial summary judgment previously entered as to certain issues framed by plaintiff's complaint and certain issues framed by Florida Airmotive's third party complaint. We grant certiorari and quash the order.
Plaintiff-Campbell was injured in an airplane accident and brought an action for damages against Florida Airmotive, the owner of the airplane. Florida Airmotive filed a third party complaint against Fairfax Broadcasting Company, alleging that Fairfax was the lessee of the aircraft at the time of the accident, and was the employer of both plaintiff and the pilot of the airplane at the time of the accident.
On January 28, 1969, the trial court entered a partial summary judgment, the details of which are not necessary to be set forth, in favor of Fairfax as to certain issues framed by the third party complaint, and in favor of Florida Airmotive as to certain issues framed by Plaintiff-Campbell's complaint.[1] This partial summary judgment was affirmed per curiam by this court on interlocutory appeal. Campbell v. Mack, Fla.App. 1969, 226 So.2d 899.
*856 After remand, plaintiff filed "motion for rehearing on summary judgment" on the ground that the case of Trail Builders Supply Company v. Reagan, Fla. 1970, 235 So.2d 482, had overruled the law upon which the earlier partial summary judgment was entered.[2] On September 3, 1970, the trial court entered an order vacating and setting aside the partial summary judgment of January 28, 1969, and reinstating those issues framed by the complaint and the third party complaint affected by the summary judgment. These petitions for certiorari then followed.
The primary issue for our determination is whether a trial court can validly vacate and set aside a partial summary judgment previously rendered, appealed and affirmed by an appellate court.
The law in Florida is clear that after appeal of a judgment and its affirmance by an appellate court, the trial court is without authority to take any further action in the cause other than to carry out the mandate of the appellate court. E.g., City of Miami Beach v. Cummings, Fla. App. 1971, 251 So.2d 715. On appeal and affirmance the judgment entered by the trial court becomes the judgment of the appellate court, and therefore the trial court is without authority to change, modify or alter the judgment without first having obtained authorization of the appellate court. Eisenburg v. Cornblum, 1945, 156 Fla. 702, 24 So.2d 236.
In the case sub judice, the judgment previously appealed was a partial summary judgment rather than a final judgment as in City of Miami Beach v. Cummings and Eisenburg v. Cornblum, supra. Notwithstanding, however, the same principle set forth applies here as to those issues determined on appeal from the partial summary judgment of January 28, 1969. This court having affirmed the partial summary judgment, the trial court had no authority to vacate or set aside that judgment.
Accordingly, certiorari is granted, the order of September 3, 1970 vacating and setting aside the partial summary judgment of January 28, 1969 is quashed, and the cause is remanded for further proceedings.
It is so ordered.
REED, C.J., and OWEN, J., concur.
NOTES
[1] In general, the basis for the partial summary judgment was that plaintiff had received workmen's compensation payments from Fairfax, his employer, pursuant to ch. 440, Florida Statutes, F.S.A. This being so, the trial court determined that no independent action could be maintained again Florida Airmotive, the lessor of the instrumentality injuring plaintiff and, in effect, the third party tortfeasor, on the basis of vicarious liability. Sections 440.10, 440.11, Florida Statutes, F.S.A.; Zenchak v. Ryder Truck Rentals, Inc., Fla.App. 1963, 150 So.2d 727. For a discussion of the different consequences flowing from allegations of actual negligence on the part of the third party tortfeasor, as opposed to allegations grounded on vicarious liability, see Hunt v. Ryder Truck Lines, Fla. 1968, 216 So.2d 751.
[2] In regard to any possible effect of the Trail Builders case on workmen's compensation litigation, see ch. 71-190, Laws of Florida 1971. This chapter amends § 440.11(1), Florida Statutes, F.S.A. (Supp. 1970), to specify that the employer's liability under F.S. § 440.10, F.S.A., is exclusive and in place of all other liability to any third party tortfeasor, as well as to the employee or other person who would otherwise be entitled to recover damages from the employer.