257 So.2d 66 (1971)
Loretta LESPERANCE, Appellant,
v.
Don E. LESPERANCE, Appellee.
No. 71-329.
District Court of Appeal of Florida, Third District.
December 7, 1971.
Rehearing Denied February 9, 1972.
*67 Lurie & Goethel, Miami, for appellant.
Street & Greenfield, Miami, for appellee.
Before SWANN, C.J., and CHARLES CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
After the previous decision of this court in Lesperance v. Lesperance, Fla.App. 1970, 233 So.2d 859, cert. denied 238 So.2d 429, Don E. Lesperance instituted an action for partition of the real property owned by the parties as tenants in common. After the partition suit became ripe for final adjudication, Don Lesperance appeared before the trial court in the partition suit [he was before the same trial court in the partition suit as in the original cancellation and rescission action and the causes were apparently consolidated] and sought a number of things: First, to discharge his lawyers; second, to dismiss the partition suit; and third, to have the prior final order entered in the cancellation and rescission suit vacated because of alleged fraud on the court.
The matter came on before the trial court for consideration. Counsel for the appellant, Loretta Lesperance, conceded that the attorneys for Don Lesperance were entitled to a charging lien and stipulated that if the parties could not agree on a fee that the trial court should fix one. A joint order was filed in both causes adjudicating a charging lien in favor of counsel for Don Lesperance upon the assets involved.[1] Don Lesperance then conveyed his interest in the property to the appellant, giving her the entire property. The trial court held this conveyance was subject to the attorneys' lien. The parties could not agree as to the amount of fee. The matter came on for hearing before the trial court. He fixed the amount of fee, subjected the property to the lien, dismissed the partition suit, and denied the motion to vacate the original final judgment entered in the cancellation and rescission cause, which was presented to him by motion to vacate pursuant to Rule 1.540, Florida Rules of Civil Procedure, 31 F.S.A. This was done by joint order filed in both causes.
A notice of appeal was filed in the companion cases and the only point urged for reversal in the appellant's brief [and therefore the only point preserved for review, Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206; Weisman v. Weisman, Fla.App. 1962, 141 So.2d 622; Central Bank and Trust Company v. Banner Trading Co., Fla.App. 1963, 157 So.2d 201; Rule 3.7, subd. i, Florida Appellate Rules] 32 F.S.A. was the failure of the trial court to grant the motion to vacate the previous final judgment in the cancellation and rescission suit. We affirm.
After the opinion and mandate of this court was rendered in Lesperance v. Lesperance, supra, the final judgment of the trial court became the judgment of this court and the trial court had no authority or jurisdiction to entertain a motion to vacate its original judgment without permission therefor having been obtained from this court. Bloxham v. Florida Central and Peninsular Railroad Company, 39 Fla. 243, 22 So. 697; State ex rel. *68 Reynolds v. White, 40 Fla. 297, 24 So. 160; Baskin v. Klemm, 118 Fla. 657, 160 So. 509; Cone v. Cone, Fla. 1953, 68 So.2d 886; Berger v. Leposky, Fla. 1958, 103 So.2d 628; State ex rel. Stewart v. Circuit Court of the 11th Judicial Circuit in and for Dade County, Fla. 1959, 116 So.2d 424; Deauville Realty Co. v. Tobin, Fla.App. 1960, 120 So.2d 198; State ex rel. Central and Southern Florida Flood Control Dist. v. Anderson, Fla.App. 1963, 157 So.2d 140; Rinker Materials Corporation v. Holloway Materials Corporation, Fla.App. 1965, 175 So.2d 564; Fairfax Broadcasting Co. v. Florida Airmotive, Inc., Fla.App. 1971, 252 So.2d 854; State ex rel. Archer-Daniels-Midland Co. v. Nathan, Fla.App. 1971, 253 So.2d 265, (opinion filed October 12, 1971); Geuder, Paeschke & Frey Co. v. Clark, 7th Cir.1961, 288 F.2d 1; Bros. Incorporated v. W.E. Grace Manufacturing Company, 5th Cir.1963, 320 F.2d 594; Kinnear Weed Corporation v. Humble Oil & Refining Company, 5th Cir.1968, 403 F.2d 437; 2 Fla.Jur., Appeals, § 364; 7 Fla.Jur., Coram Nobis, § 17. Further, even if the trial court had the power to entertain the petition under Rule 1.540, Florida Rules of Civil Procedure to vacate the final judgment in the cancellation and rescission suit, no error has been demonstrated in his denial of the relief sought. It was a discretionary matter, under the grounds of the petition, as to whether the trial judge should vacate the prior judgment because of alleged fraud. Butler v. Butler, Fla. App. 1965, 172 So.2d 899; Rogers v. First National Bank at Winter Park, Fla.App. 1969, 223 So.2d 365; Bland v. Mitchell, Fla. 1970, 245 So.2d 47. No abuse of discretion has been demonstrated on this record.
Notwithstanding the fact that no proper point has been preserved on appeal to urge error on the granting of a charging lien and the fixing of the amount of an attorney's fee against the res involved, it is apparent from the record that counsel for the appellant stipulated that former counsel for Don Lesperance were entitled to a charging lien on the property involved and further requested and stipulated that in the event the parties could not agree on the amount of the fee the trial court should fix same. When they could not agree, upon appropriate petition and testimony, the trial court did fix a reasonable fee. If there was error in adjudicating the charging lien and fixing the amount of the fee, it was error induced by counsel for the appellant and she will not now be heard to complain of the trial court's action in accordance with the request and stipulation of her counsel. Borst v. Gale, 99 Fla. 376, 126 So. 290; Arsenault v. Thomas, Fla.App. 1958, 104 So.2d 120; 2 Fla.Jur., Appeals, § 313; Accord, Gagnon v. State, Fla.App. 1968, 212 So.2d 337.
Therefore, for the reasons above stated, the orders here under review be and the same are hereby affirmed.
Affirmed.
NOTES
[1] No contention has been made that the lien should have been limited only to Don Lesperance's interest therein. This is probably immaterial, in view of the fact that the amount awarded is substantially less than one-half of the value of the property.