PER CURIAM.
These consolidated appeals are from the same order of equitable proration which apportioned the amount of a personal injury settlement agreement pursuant to Fla. Stat. § 440.39, F.S.A. The appellant is the workmen’s compensation carrier for the injured minor appellee.
Three points are argued. The first urges that the order must be reversed because the procedure followed in the trial court was improper. We agree that the procedure was not in accord with the statute and the case law concerning the subject; nevertheless, we hold that no reversible error has been demonstrated since the appellant participated without objection in ■the conference, which served as a substitute for the prescribed hearing. Appellant stipulated with appellees to submit the matter to the trial judge without formal proceedings. Appellees substantially changed their positions in reliance upon appellant’s apparent agreement to that procedure. Appellant is now estopped to change its position simply because it is dissatisfied with the result. See Jones v. Life Insurance Company of Florida, Fla.App.1968, 215 So.2d 889; Walker v. Narose Bldgs., Inc., Fla.App.1968, 206 So.2d 400.
*551 Appellant’s second and third points essentially question the amount of the apportionment. No error is shown. See Hardware Mutual Insurance Company v. Roth, Fla.App.1969, 222 So.2d 768.
Affirmed.