295 So.2d 362 (1974)
Mrs. Fenton Davis AVANT, Appellant,
v.
Connie WAITES, Appellee.
No. S-393.
District Court of Appeal of Florida, First District.
June 6, 1974.
*363 William C. Owen and Thomas F. Panebianco, Carswell, McKenzie, Dean & Owen, and Lawrence Renfroe, Tallahassee, for appellant.
Keith J. Kinderman, and Ben H. Wilkinson, Pennington, Wilkinson & Sauls, Tallahassee, for appellee.
BOYER, Judge.
The question before us is whether a trial court, after affirmance on appeal of a judgment, may thereafter entertain a timely motion pursuant to Rule 1.540(b) RCP, 31 F.S.A., without first obtaining leave of the appellate court which theretofore affirmed the judgment. Our answer is: "Yes". In so holding we are not unaware that we collide with holdings of some of our sister District Courts of Appeal. We have been cited to no decision of our Supreme Court on the point since the adoption of said rule, and independent research has failed to reveal any. Although we have the utmost respect for the authors of the opinions rendered by our sister courts which hold to the contrary, it is our opinion that the rule itself, at least by implication, dispenses with the necessity of obtaining leave from the appellate court, and that the better logic and reason leads to that result.
Rule 1.540 RCP is derived from Federal Rule 60(a). Its genesis in Florida was Common Law Rule 53 and Equity Rule 68 which were superseded by Rule 1.38, 1954 RCP, Rule 1.38, 1954 RCP, did not contain that which is now Rule 1.540(b). The latter paragraph was added by a 1962 amendment.
Prior to the promulgation and adoption of Rule 1.540 RCP, as it now exists it was necessary, in order for a trial court to consider a motion directed to a final judgment of that court which had been affirmed by an appellate court, to first apply to the appellate court by petition for writ of coram nobis. (See 2 Fla.Jur., Appeals, § 392 and Deauville Realty Co. v. Tobin, Fla.App. (3d) 1960, 120 So.2d 198 and the many cases there cited.) However, Rule 1.540 specifically provides that writs of coram nobis, and certain other specific writs "are abolished and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action."
In State v. Anderson, Fla.App. (3d) 1963, 157 So.2d 140, our sister court of the Third District passed squarely upon the point before us, concluding:
"We therefore hold that for the circuit court to obtain jurisdiction of an action to relieve a party from a judgment, decree, order or proceeding which has become the judgment of the appellate court, it is necessary for leave to be first obtained from the appellate court. * * *" (157 So.2d at page 142)
We do not attempt to distinguish that case.
The Third District again considered essentially the same point in Lesperance v. Lesperance, Fla.App. (3d) 1972, 257 So.2d 66 in which it stated, citing numerous cases, including 7 Fla.Jur., Coram Nobis, § 17, that:
"After the opinion and mandate of this court was rendered in Lesperance v. Lesperance, supra, the final judgment of the trial court became the judgment of this court and the trial court had no authority or jurisdiction to entertain a motion to vacate its original judgment without permission therefor having been obtained *364 from this court. * * *" (257 So.2d at page 67)
However, in the latter case the writer of the opinion evinced some doubt, bolstering the opinion with the following:
"* * * Further, even if the trial court had the power to entertain the petition under Rule 1.540, Florida Rules of Civil Procedure to vacate the final judgment in the cancellation and rescission suit, no error has been demonstrated in his denial of the relief sought. It was a discretionary matter, under the grounds of the petition, as to whether the trial judge should vacate the prior judgment because of alleged fraud. * * *" (257 So.2d at page 68)
In Rinker Materials Corp. v. Holloway Materials Corp., Fla.App. (2d) 1965, 175 So.2d 564, our sister court of the Second District passed somewhat obliquely on the point. However that case is clearly distinguishable. There, the action in the lower court was a suit to restrain violation of a covenant not to compete. Relief was denied by the lower court. On appeal, the appellate court reversed and remanded with instructions to enjoin the defendant from breaching the covenant not to complete within a certain area for a specified period. Thereafter the trial judge decreed "Although not raised by any party to the controversy" that the injunction, as a matter of public policy, would not prevent the sale of products to contractors working on contracts let by any governmental agency. Upon appeal the appellate court held:
"We therefore hold that the lower court had no jurisdiction to engraft on the mandate of this court its exemption of government contracts from the operation of the injunction, and that portion of the order is hereby quashed." (175 So.2d at page 566)
We completely agree with the above quoted holding based upon the facts in that case.
We have also examined the Second District case of Bonair Motel, Inc. v. Dowdy, Fla.App. (2nd) 1971, 253 So.2d 265, but are unable to determine from the facts there reported whether the court in that case passed directly upon the issue now before us.
In Fairfax Broadcasting Co. v. Florida Airmotive, Inc., Fla.App. (4th) 1971, 252 So.2d 854, our sister court of the Fourth District considered a case wherein the trial court had entered a partial summary judgment giving rise to an interlocutory appeal and a per curiam affirmance by the appellate court. After remand the trial court entered an order vacating and setting aside the partial summary judgment. On second appeal the District Court stated the issue as follows:
"The primary issue for our determination is whether a trial court can validly vacate and set aside a partial summary judgment previously rendered, appealed and affirmed by an appellate court." (252 So.2d at page 856)
After a brief discussion the Fourth District stated:
"* * * This court having affirmed the partial summary judgment, the trial court had no authority to vacate or set aside that judgment." (252 So.2d at page 856)
When an appellate court issues its mandate its judicial labors in that particular case are completed. (Unless, of course, the lower court should refuse to comply with the mandate.) In the event of a subsequent motion pursuant to Rule 1.540 RCP, the trial court is in a much better position to hold a hearing, receive evidence and pass upon the issues than is an appellate court. This is particularly true when the ground for the motion is newly discovered evidence. In order for newly discovered evidence to be a valid basis for relief under Rule 1.540, the rule provides that the newly discovered evidence must be such as *365 "by due diligence could not have been discovered in time to move for a new trial or rehearing." This requirement necessitates an evidentiary hearing resulting in a finding of facts. The trial court is in the favored position to conduct such a hearing and make such findings. The useless and delaying formalism of prior permission of the appellate court accomplishes nothing, delays speedy administration of justice and tends to clog the dockets of the appellate courts and the trial courts as well.
The decisions of the federal courts construing Rule 60(b), Federal Rules of Procedure, are not harmonious. However, as is pointed out in Barron & Holtzoff, Wright's Edition, Volume 3, § 1332, the federal rule itself makes no requirement for leave of the appellate court although in other rules the requirement of appellate permission is clearly stated. As an example, Federal Rule 73(a) and 75(b) specifically require appellate permission. It would appear therefore that it is a reasonable and fair interpretation of Federal Rule 60(b) that no such requirement of appellate leave was intended. It will also be noted that Rule 1.540(a) RCP requires that leave of the appellate court is a prerequisite to the correction of clerical mistakes and errors arising from oversight or omission during the pendency of an appeal after the record on appeal is docketed in the appellate court. On the other hand, subparagraph (b) contains no such condition or requirement.
It appears to us therefore that by requiring leave of the appellate court for the doing of certain matters under subparagraph (a) of the rule and by omitting such requirement under subparagraph (b) of the rule, and particularly in view of the specific provision in the rule abolishing writs of coram nobis, it was the intention of the Supreme Court, in adopting Rule 1.540, to abandon the theretofore existing requirement of obtaining leave of the appellate court as a condition precedent to consideration by the trial court of a motion filed pursuant to Rule 1.540(b).
In the case sub judice, final judgment of ejectment was entered in the Circuit Court of Leon County on December 29, 1972. The final judgment was filed by the Clerk of the Circuit Court on January 10, 1973. Appellant perfected a timely appeal and this Court, by a per curiam opinion, affirmed the trial court on September 25, 1973. A petition for rehearing was timely filed and denied. Mandate of this Court was entered and filed on October 22, 1973. On December 28, 1973 appellant here, defendant below, filed in the Circuit Court a motion pursuant to Rule 1.540(b) RCP, alleging newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing. On February 4, 1974 appellant filed in this Court a motion for leave for the circuit court to entertain said motion, whereupon the appellee filed a motion to strike, alleging that the said motion filed in this Court was untimely and that the trial court was without jurisdiction to entertain the motion.
We hold that the trial court had jurisdiction to entertain the motion for one year after date of the entry of the final judgment; that said motion was timely filed in the lower court; and that leave of this Court is not necessary. Therefore, the motion for leave filed in this Court is moot and the motion to strike same, on the grounds therein stated, is denied.
It is so ordered.
RAWLS, C.J., and McCORD, J., concur.