HENDRY, Judge.
Appellant, the workmen’s compensation carrier in the court below, brings this appeal from an order entered by the trial court on February 3, 1975, denying appellant’s motion to modify an order on equitable distribution, or in the alternative, for relief pursuant to Fla.R.Civ.P. 1.540(b)(5). Appellees were the plaintiffs in the trial court.
On September 7, 1970, appellee, a minor, was severely injured in an automobile accident. The minor’s father instituted suit against the third party tortfeasors on behalf of his son and in his individual capacity. Appellee’s employer had workmen’s compensation insurance with appellant. On January 26, 1971, pursuant to Section 440.-39, Florida Statutes (1971), a Notice of *911 Workmen’s Compensation Carrier’s Claim of Lien was filed by appellant.
During the course of settlement negotiations, a conference was held before the circuit court judge to determine the amount of recovery the court would allow appellant on its lien. On August 23,1971, the trial court entered its order of award and an appeal by the carrier followed. By order of April 4, 1972, this court affirmed the trial court. Ohio Casualty Group v. Parrish, 260 So.2d 550 (Fla.3d DCA 1972), cert. den. 273 So.2d 78 (Fla.1973), cert. den. 414 U.S. 828, 94 S.Ct. 53, 38 L.Ed.2d 62 (1973); App. dism. 291 So.2d 8 (Fla.1974).
On November 5, 1975, appellant, based upon a subsequent modification of Section 440.39, Florida Statutes (Supp.1974), sought to modify the August 23, 1971 award. Ap-pellees thereupon filed a Suggestion of Lack of Jurisdiction over the Subject Matter. On November 3, 1975, the lower court held that it lacked jurisdiction and denied the appellant’s motion without prejudice. On November 21, 1975, appellants filed a Notice of Appeal and Notice of Interlocutory Appeal. These appeals were consolidated by order of this court on November 24, 1975.
Appellant, in its brief, correctly states the issue as follows:
“Whether the trial court, after affirmance on appeal of a judgment, may thereafter entertain a motion to modify or in the alternative for relief under F.R.Civ.P. 1.540(b) without first obtaining leave of the appellate court which theretofore affirmed the judgment.”
Appellant contends that the better procedure under a F.R.Civ.P. 1.540(b) motion would be to allow the trial court to entertain the motion without first obtaining permission from the appellate court. Appellant argues that this procedure would eliminate the unnecessary and delaying formalism of requiring leave of the appellate court before the trial court could dispose of the motion.
We cannot agree with appellant’s contention. When the provisions of a final judgment are affirmed on appeal, that judgment becomes a judgment of the appellate court. Without specific permission by the appellate court, that judgment cannot be interfered with by the trial court. Schetter v. Schetter, 330 So.2d 150 (Fla.4th DCA 1976). See also Lesperance v. Lesperance, 257 So.2d 66 (Fla.3d DCA 1971).
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reason stated and upon the authorities cited the order appealed from is affirmed and this cause is remanded to the trial court for the assessment of appellees’ attorney’s fees pursuant to Section 440.-34(1), Florida Statutes (1975).
Affirmed and remanded to the trial court for an assessment of attorney’s fees.