350 So.2d 466 (1977)
The OHIO CASUALTY GROUP, Petitioner,
v.
James C. PARRISH, Jr., a Minor by and through His Father and Next Friend, James C. Parrish, Sr., and James C. Parrish, Sr., Individually, et al., Respondents.
No. 50609.
Supreme Court of Florida.
September 29, 1977.
*467 Marjorie D. Gadarian, of Jones, Paine & Foster, West Palm Beach and Horton, Perse & Ginsberg, Miami, for petitioner.
Sam Daniels and Headley & Sudduth, Miami, for respondents.
SUNDBERG, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Third District, reported at 338 So.2d 910, which is alleged to be in conflict with Avant v. Waites, 295 So.2d 362 (Fla. 1st DCA 1974), on the issue of whether a trial court has authority to entertain a motion to modify a final judgment under Fla.R.Civ.P. 1.540(b), without first obtaining permission of the appellate court which has previously affirmed that final judgment. We have jurisdiction. Article V, Section 3(b)(3), Florida Constitution.
Respondent James C. Parrish, Jr., a minor, was severely injured in an automobile accident. The minor's father instituted suit against the third party tort-feasors both in his individual capacity and on behalf of his son. As the minor's employer had Workmen's Compensation insurance with petitioner, petitioner began paying compensation and medical benefits. Thereafter, the petitioner filed a notice of Workmen's Compensation carrier's claim of lien pursuant to the provisions of Section 440.39, Florida Statutes (1975).
While the parties to the litigation were in the process of negotiating a settlement, a conference was held before the circuit court judge to determine the amount of recovery the court would allow petitioner on its lien. The judge announced at the conference that he would return to the petitioner $20,000 of the approximately $70,000 in compensation and medical benefits which petitioner had paid and on August 23, 1971, entered his order of award accordingly. The settlement was to be $1.7 million dollars.
On appeal, the District Court of Appeal, Third District, affirmed the equitable distribution order. Ohio Casualty Group v. Parrish, 260 So.2d 550 (Fla. 3d DCA 1972). Ohio Casualty then filed a petition for writ of certiorari before this Court. That petition was denied. 273 So.2d 78 (Fla. 1973). Petitioner was also denied review by the United States Supreme Court. 414 U.S. 828, 94 S.Ct. 53, 38 L.Ed.2d 62 (1973).
Based upon a subsequent change in the Workmen's Compensation statute, Section 440.39, Florida Statutes (Supp. 1974), petitioner filed a motion to modify the equitable distribution order. Respondents thereupon filed a suggestion of lack of jurisdiction over the subject matter. The trial court granted that motion, holding it lacked jurisdiction to proceed without permission of the appellate court.
Ohio Casualty appealed this order to the District Court of Appeal, Third District. In addition, James C. Parrish, Jr. filed a motion in the District Court of Appeal, Third District, for award of attorney's fees pursuant to Fla.App. Rule 3.16(e) and Section 440.34(1), Florida Statutes (1975). The district court held that when the provisions of a final judgment are affirmed on appeal, that judgment becomes a judgment of the appellate court. Without specific permission by the appellate court, that judgment cannot be interfered with by the trial court. *468 The district court also held that respondents' attorney's fees should be assessed against petitioner, pursuant to Section 440.34(1), Florida Statutes (1975).
Petitioner now invites this Court (1) to adopt the reasoning enunciated in Avant v. Waites, supra, which court found that leave of the appellate court was not required for the trial court to entertain a timely motion filed pursuant to Fla.R.Civ.P. 1.540(b), and (2) to reverse the order of the District Court of Appeal, Third District, awarding respondent attorney's fees pursuant to Section 440.34(1), Florida Statutes (1975). For the reasons stated hereinafter, we accept petition's invitation as to the first proposition but decline its offer as to the second.
Initially, petitioner urges this Court to construe Fla.R.Civ.P. 1.540(b) to permit a trial court, after issuance of the appellate court's mandate, to entertain a timely motion pursuant to said rule without first obtaining leave of the appellate court. This position was adopted by the District Court of Appeal, First District, in Avant v. Waites, supra, wherein that court stated:
When an appellate court issues its mandate its judicial labors in that particular case are completed. (Unless, of course, the lower court should refuse to comply with the mandate.) In the event of a subsequent motion pursuant to Rule 1.540 RCP, the trial court is in a much better position to hold a hearing, receive evidence and pass upon the issues than is an appellate court. This is particularly true when the ground for the motion is newly discovered evidence. In order for newly discovered evidence to be a valid basis for relief under Rule 1.540, the rule provides that the newly discovered evidence must be such as "by due diligence could not have been discovered in time to move for a new trial or rehearing." This requirement necessitates an evidentiary hearing resulting in a finding of facts. The trial court is in the favored position to conduct such a hearing and make such findings. The useless and delaying formalism of prior permission of the appellate court accomplishes nothing, delays speedy administration of justice and tends to clog the dockets of the appellate courts and the trial courts as well.
Id. at 364-365.
In the instant case, the district court came to a contrary conclusion on the same point of law. In so doing, it followed the position it had previously taken in State v. Anderson, 157 So.2d 140 (Fla. 3d DCA 1963), and Lesperance v. Lesperance, 257 So.2d 66 (Fla. 3d DCA 1972). The Lesperance court enunciated the rationale for its holding when it stated:
After the opinion and mandate of this court was rendered in Lesperance v. Lesperance, supra, the final judgment of the trial court became the judgment of this court and the trial court had no authority or jurisdiction to entertain a motion to vacate its original judgment without permission therefor having been obtained from this court.[1]
Id. at 67.
In our view, the arguments in favor of abrogating the requirement of appellate leave are the more persuasive. The general purpose of the rules of civil procedure is to avoid technical proceedings. Shores v. Murphy, 88 So.2d 294 (Fla. 1956). A requirement of leave from an appellate court can only constitute a useless and delaying formalism. An evidentiary hearing will ordinarily be required to determine whether the requirements for reopening a case under the rule are actually met. It is the trial court and not the appellate court which is in the favored position to conduct such a hearing.[2]
*469 Fla.R.Civ.P. 1.540(b) closely resembles Federal Rule 60(b). Until the United States Supreme Court rendered its opinion in Standard Oil Co. of California v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976), there was a conflict in the federal circuit courts on the same point under review today. The Supreme Court resolved that conflict by holding that appellate leave was not required. In so holding, it stated its exposition as follows:
In our view, the arguments in favor of requiring appellate leave are unpersuasive. Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion. See 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2873, at 269-270 (1973). Cf. SEC v. Advance Growth Capital Corp., 539 F.2d 649, 650 (CA7 1976). Furthermore, the interest in finality is no more impaired in this situation than in any Rule 60(b) proceeding. Finally, we have confidence in the ability of the district courts to recognize frivolous Rule 60(b) motions. Indeed, the trial court "is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b)," Wilkin v. Sunbeam Corp., 405 F.2d 165, 166 (CA10 1968). [Cert. denied, 409 U.S. 1126, 93 S.Ct. 940, 35 L.Ed.2d 258.] Accord, Wilson Research Corp. v. Piolite Plastics Corp., 336 F.2d 303, 305 (CA1 1964); 11 Wright & Miller, supra, at 269.
The appellate-leave requirement adds to the delay and expense of litigation and also burdens the increasingly scarce time of the federal appellate courts. We see no reason to continue the existence of this "unnecessary and undesirable clog on the proceedings." S.C. Johnson & Son, Inc. v. Johnson, 175 F.2d 176, 184 (CA2 1949) (Clark, J., dissenting). We therefore deny the motion to recall because the District Court may take appropriate action without this Court's leave.[3]
Id. at 18-19, 97 S.Ct. at 32.
Were we not persuaded by the policy considerations favoring abolition of the appellate-leave requirement, a careful reading of the rule itself would militate toward that position. While Fla.R.Civ.P. 1.540(a) specifically requires leave of the appellate court as a prerequisite to correction of clerical mistakes arising after commencement of the appeal, subparagraph (b) of the rule contains no such condition. The absence of the appellate-leave requirement from subparagraph (b) where the same requirement was clearly stated in subparagraph (a) suggests that no such requisition was intended to attach to the former subparagraph.
The basis of petitioner's motion to modify the equitable distribution order is that the Workmen's Compensation Law, which was enacted after the date of the accident, should be applied retroactively. Because the trial court did not rule on the motion, this issue is not ripe for review in this Court.
Petitioner also urges this Court to reverse the order of the District Court of Appeal, Third District, awarding respondent attorney's fees. It is submitted that the scope of the statute awarding attorney's fees is limited to circumstances where the employer or carrier declines to pay a claim or unsuccessfully resists payment of compensation benefits;[4] because the proceeding was not *470 one for payment of compensation or enforcement of an award of compensation, petitioner argues the instant cause is outside the sphere of the statute.
We do not construe the thrust of the statute to be so narrow. The statute specifically authorizes an award of attorney's fees if the employer or carrier "shall otherwise resist unsuccessfully the payment of compensation." By filing a motion to modify the equitable distribution order, petitioner was essentially resisting payment of compensation by attempting to both deprive respondent of prospective payments and recover half of all benefits paid after October 1, 1974. The language of Section 440.34, Florida Statutes (1975), articulates the policy that the claimant should not be required to pay his own legal fees in attempting to retain past benefits paid or future benefits already determined to be forthcoming. Furthermore, the proceedings in the district court involved review of the equitable distribution award.
Section 440.34, Florida Statutes (1975), was enacted to enable an injured employee who has not received an equitable compensation award to engage competent legal assistance and, in addition, to penalize a recalcitrant employer. If the services of an attorney become necessary, and the carrier is ordered to pay compensation, attorney's fees must be assessed against the carrier so that the benefits awarded the employee will constitute a net recovery. See Alpert, Florida Workmen's Compensation Law, § 15:10, p. 445 (1966). Cf., Steele v. A.D.H. Building Contractors, Inc., 196 So.2d 430 (Fla. 1967). Thus, in adding attorney's fees to the injured worker's compensation award, Section 440.34, Florida Statutes (1975), discourages the carrier from unnecessarily resisting claims in an attempt to force a settlement upon an injured worker. In addition, if the worker has a meritorious case, an attorney will be inclined to represent him, realizing that a reasonable fee will be paid for his labor and not deducted from perhaps a modest benefit due the claimant. Conversely, if the attorney believes the claim is frivolous, he would be inclined to decline representation.
The conduct of the petitioner in the instant cause falls squarely within both the policy considerations of Section 440.34(1), Florida Statutes (1975), calling upon it to pay respondents' attorney's fees and the express language of that statutory provision.
Accordingly, the petition for writ of certiorari is granted, that part of the District Court of Appeal's opinion holding that leave of the appellate court was required for the trial court to entertain a timely motion pursuant to Fla.R.Civ.P. 1.540(b) is quashed and remanded to the District Court of Appeal, Third District, with instructions to remand to the trial court for proceedings not inconsistent with the views expressed herein. That portion of the District Court's opinion awarding respondent attorney's fees is hereby approved.
It is so ordered.
OVERTON, C.J., and ADKINS and HATCHETT, JJ., concur.
BOYD, J., dissents.
NOTES
[1] This discussion assumed that the trial court's order was appealable. If an appeal was dismissed on the ground that the order from which appeal was sought was not appealable it was as if no appeal had ever been taken, and the trial court retained complete power to modify its order as it saw fit.
[2] The Avant court noted that an evidentiary hearing is especially required when the ground for the motion is newly discovered evidence. In the instant case, the ground for the motion is not newly discovered evidence, but falls under (5) of the rule, to wit: "It is no longer equitable that the judgment or decree should have prospective application." Nevertheless, an evidentiary hearing resulting in findings of fact is just as essential to determine the merit of such a motion.
[3] See also the Report of Proposed Amendments to the Rules of Civil Procedure for the United States District Courts (1955), prepared by Advisory Committee on Rules for Civil Procedure, wherein the Advisory Committee recommended the position later adopted by the Court in Standard Oil.
[4] § 440.34(1), Fla. Stat. (1975), states:

"If the employer or carrier shall file notice of controversy as provided in s. 440.20, or shall decline to pay a claim on or before the 21st day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation be awarded reasonable attorney's fee, to be approved by the judge of industrial claims which may be paid direct to the attorney for the claimant in a lump sum. If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct." (Emphasis supplied)