374 So.2d 1018 (1979)
LEO GOODWIN FOUNDATION, INC., Appellant,
v.
The RIGGS NATIONAL BANK OF WASHINGTON, D.C., Leo Goodwin, Jr., Helen M. Furia and Alphonse Della-Donna, As Trustees of the Leo Goodwin, Sr., Unitrust Dated May 21, 1971, Leo Goodwin Foundation of Fort Lauderdale, Inc., a Corporation, Holy Cross Hospital, a Corporation, Fort Lauderdale Oral School, a Corporation, and Philip S. Shailer, As State Attorney for Broward County, Florida, Nova University, Inc., Appellees.
No. 78-2556.
District Court of Appeal of Florida, Fourth District.
July 25, 1979.
Rehearing Denied September 25, 1979.
Phillip G. Newcomm and Arnold L. Berman of Shutts & Bowen, Miami, and Robert J. O'Toole, Fort Lauderdale, for appellant.
Terrence J. Russell of Ruden, Barnett, McClosky & Schuster, Fort Lauderdale, for appellee-Nova University.
DOWNEY, Chief Judge.
In July 1976 the Circuit Court of Broward County entered a final declaratory judgment adjudicating Nova University as a remainderman of the net principal of the Leo Goodwin Sr. Unitrust after payments to be made to Holy Cross Hospital, Inc. and Ft. Lauderdale Oral School, Inc. Thereafter, in April 1978 Nova University filed a motion in said cause for supplemental relief, which after an evidentiary hearing resulted in orders dated August 4 and 17, 1978, granting the requested supplemental relief. Appellant perfected a pending appeal from those orders.
In October 1978 appellant filed motions to vacate the orders of supplemental relief dated August 4 and 17, 1978. The trial court denied said motions on the basis that it lacked jurisdiction due to the pending appeal of the very orders appellant sought to vacate. This appeal is from that non-final order.
Appellant contends that a trial court has jurisdiction to entertain a motion authorized by Florida Rule of Civil Procedure 1.540(b) to vacate a judgment while said *1019 judgment is pending on appeal. The asserted authority for that position is Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla. 1977), wherein the Supreme Court held that a trial court has jurisdiction to entertain a Rule 1.540(b) motion to vacate a judgment after an appellate court has affirmed the judgment on appeal; it is not necessary for the trial court to obtain permission of the appellate court before proceeding with the motion to vacate. Of course, the factual situation presented by the Parrish case, supra, and that involved in the present case are distinguishable. Unlike Parrish, the very judgment which appellant seeks to vacate is presently pending in this court and may or may not be affirmed. Should the trial court proceed with the proposed motion to vacate, the appellate jurisdiction might well be frustrated. As this court said in State ex rel. American Home Insurance Co. v. Seay, 355 So.2d 822 (Fla. 4th DCA 1978), cert. den. 361 So.2d 835 (Fla. 1978):
[T]he trial court lacks jurisdiction to proceed in this cause once there is an appeal from the final judgment. Most of the authorities concerned with the jurisdiction of a trial court after an appeal is perfected involve interlocutory appeals. There is of course good reason why a case should not be stymied in the trial court, absent supersedeas, upon an interlocutory appeal from a narrow interlocutory order. However, when a case has merged into a final judgment and an appeal has been perfected therefrom the cases seem to hold that jurisdiction in the trial court terminates. [Citations omitted.] Supra 824.
In Liberman v. Rhyne, 248 So.2d 242 (Fla.3d DCA 1971), cert. den. 252 So.2d 798 (Fla. 1971), the Third District Court of Appeal disapproved action of the trial court in entering a temporary restraining order during the pendency of an appeal. In so doing, the court said:
The Order of October 13, 1970 is erroneous and is reversed. The trial court has no authority after a notice of appeal has been filed to change the status of a case or to interfere with the rights of a party under the judgment. The trial court retains jurisdiction of the cause only to correct the record and it may not take any action affecting the subject matter of the appeal. Supra at 244.
The Second District Court of Appeal ruled squarely on the question presented here in Hutchison v. Wintrode, 286 So.2d 231 (Fla.2d DCA 1973) and held that, while a judgment was pending on appeal, a trial court has no jurisdiction to entertain a motion to modify or correct the judgment except with permission of the appellate court. Whether the appellate court will grant such permission and temporarily relinquish jurisdiction so the trial court can entertain the 1.540(b) motion will have to be determined upon a case by case basis. See 7 Moore's Federal Practice, Sec. 60.30(2).
In our opinion the trial court was correct in ruling that it had no jurisdiction to entertain appellant's motion to vacate in the present state of this record. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
CROSS and DAUKSCH, JJ., concur.