HURLEY, Judge.
This appeal challenges three orders which were entered on the same day. The first denied the husband’s motion for relief from judgment. The second and third, which we shall treat together, awarded attorney’s fees and costs to the wife. Because an appeal from the final judgment of dissolution was pending at the time the husband filed his motion for relief from judgment, we hold that the trial court lacked jurisdiction to entertain the Rule 1.540(b) motion and we affirm its denial. Also, we affirm the award of attorney’s fees and costs to the wife.
The following table will aid in understanding the present posture of the case.
April 24,1981 — Original and first amended final judgment of dissolution entered.
April 28,1981 — Wife filed a timely motion for rehearing.
May 22,1981 — Husband filed a notice of appeal.
June 23,1981 — Trial court granted the wife’s motion for rehearing and entered a second amended final judgment of dissolution.
Sept. 24,1981 — Husband filed a motion for relief from judgment.
Sept. 30,1981 — Wife filed a motion for attorney’s fees and costs.
Nov. 19,1981 — Trial court denied the husband’s motion for relief from judgment and awarded attorney’s fees and costs to the wife.
Dec. 7,1981 — Husband filed a notice of appeal from the orders entered on Nov. 19,1981.
June 14,1982 — Husband’s first appeal (filed on May 22,1981) dismissed as untimely filed.
It is apparent that the husband filed a notice of appeal while a timely motion for rehearing was pending before the trial court. Williams v. State, 324 So.2d 74, 79 (Fla.1975), teaches that a premature notice of appeal is effective to vest jurisdiction in the appellate court once the post-trial motion has been decided. Here the trial court decided the post-trial motion in favor of the wife and entered a second amended final judgment. Under the Williams rationale, the husband’s notice of appeal “attached” to the second amended final judgment of dissolution and vested jurisdiction in this court. Thus, the trial court did not have jurisdiction to entertain the husband’s motion for relief from judgment. Glatstein v. City of Miami, 391 So.2d 297 (Fla. 3d DCA 1980); Leo Goodwin Foundation v. Riggs National Bank, 374 So.2d 1018 (Fla. 4th DCA 1979).[1]
The trial court denied the husband’s motion for relief from judgment after considering it on the merits. As we have indicated, this ruling was correct, albeit for the wrong reason. Since it is likely that the husband will renew his motion, we believe that it serves judicial economy to discuss the merits. The motion was predicated on the assertion that the husband’s attorney presented him with a copy of a motion to withdraw just as the trial court was about to hear the wife’s motion for rehearing. Consequently, the husband claimed that his attorney was antagonistic toward his interests and rendered substandard representa *1023 tion at the hearing on the wife’s motion for reconsideration. In our view, even if proved, these allegations would not constitute a cognizable ground for relief under Rule 1.540(b), Fla.R.Civ.P. “Negligence by a litigant’s representative may be grounds for an independent suit, but it will not support the setting aside of a default judgment save under exceptional circumstance.” Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329, 1330 (Fla. 4th DCA 1978). See also Behar v. Southeast Banks Trust Co., 374 So.2d 572 (Fla. 3d DCA 1979).
Despite the pendency of the appeal of the final judgment of dissolution, the trial court retained jurisdiction to award attorney’s fees and costs. See Rule 9.600(c), Fla.R.App.P. Turning to the merits of the award, we find that the husband has failed to demonstrate an abuse of discretion by the trial court. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Accordingly, for the reasons stated herein, the rulings in the orders on appeal are
AFFIRMED.
DELL, J., and PURDY, H. MARK, Associate Judge, concur.

. In retrospect it is clear that this court erred in dismissing the husband’s first appeal. Since part of the record has been returned to the trial court, it is not certain if the husband filed a response in opposition to the wife’s motion to dismiss or, in some other fashion, brought the Williams case to our attention. Our existing files contain only a copy of the wife’s motion.