CIKLIN, J.
Loy Campbell, the Former Husband, appeals an order which vacated the trial court’s previous August 3, 2011 order (the “Modification Order”) that modified the parties’ parenting plan. Prior to filing her *764 motion to stay the Modification Order, Sa-dana Campbell, the Former Wife, had filed a notice of appeal with regard to the Modification Order. Because that appeal was pending before this court, the trial court lacked jurisdiction to vacate the Modification Order. Therefore, we must reverse the order being appealed and remand for the trial court to enforce the Modification Order.
On March 9, 2011, the trial court entered a supplemental final judgment of dissolution of marriage. In that supplemental judgment, the trial court adopted a parenting plan in which the child was to reside with the Former Wife and the Former Husband was to have timesharing with the child every other weekend. The parenting plan also barred either party from relocating if the timesharing schedule of the other parent would be disturbed, unless the parties specifically agreed in writing or if the party wishing to relocate obtained a court order to do so.
On May 19, 2011, the Former Husband filed a motion to hold the Former Wife in contempt for violating the parenting plan by removing the minor child in direct violation of the court’s previous orders. In this motion, the Former Husband did not seek modification of the parenting plan. The Former Husband set the motion to be heard on July 26, 2011. On July 20, 2011, however, the Former Husband mailed the Former Wife a motion in which he then requested the trial court to modify the parenting plan. The Former Husband argued that it was in the best interests of the child to have the parenting plan modified such that the Former Husband would be responsible for the primary residential care of the child.
On July 26, 2011, the trial court held a two-hour evidentiary hearing on the Former Husband’s pending motions. At the hearing, the Former Wife, who was not represented by counsel, informed the trial court that she had received the Former Husband’s motion for modification of the parenting plan just three days before, on Saturday, July 23, 2011. She then sought the court’s permission to file a written response to the Former Husband’s motion which she had prepared before the hearing. The trial court granted her request. The trial court then specifically asked the Former Wife, “So you’re prepared to address that modification of the parenting plan today?” The Former Wife replied, ‘Tes.” At the conclusion of the hearing, the trial court announced that it was going to grant the modification of the parenting plan and concluded by stating, “All issues have been tried by consent.”
On August 3, 2011, the trial court entered the Modification Order granting the Former Husband’s motion to modify the parenting plan. The new parenting plan made the Former Husband the primary residential parent with the Former Wife having timesharing every other weekend.
On August 31, 2011, the Former Wife, now represented by counsel, filed a notice of appeal seeking this court’s review of the Modification Order. On September 23, 2011, while the appeal was still pending with this court, the Former Wife filed a “Motion to Maintain Primary Residential Custodianship and Timesharing Schedule Pending Appeal.” In that motion, the Former Wife stated that she had appealed the trial court’s Modification Order and then requested that the trial court “maintain the status quo of the original custody/timesharing order until the appeal is decided.”
On October 20, 2011, the trial court held a hearing on the Former Wife’s motion. On October 24, 2011, the trial court entered an order indicating that it was treating the Former Wife’s motion to maintain the original parenting plan pending appeal as a motion to vacate the Modification *765 Order, which the court then granted. The Former Husband filed a notice of appeal and this appeal follows.
It is well settled that a trial court lacks jurisdiction to consider a motion to vacate an order while there is a pending appeal on the very order that the moving party seeks to vacate. See, e.g., Stoppa v. Sussco, Inc., 943 So.2d 309, 313 (Fla. 3d DCA 2006); Georges v. Ins. Technicians, Inc., 486 So.2d 700, 701 (Fla. 4th DCA 1986); Leo Goodwin Found., Inc. v. Riggs Nat’l Bank of Washington, D.C., 374 So.2d 1018, 1018-19 (Fla. 4th DCA 1979).
Thus, once the Former Wife filed her notice of appeal as to the Modification Order, the trial court was divested of jurisdiction to consider her later motion to vacate the very order (the Modification Order) under consideration by this court.[1] While her appeal was pending, the Former Wife could have filed a motion with this court seeking to have us relinquish jurisdiction to the trial court to consider her motion for relief from judgment. See Leo Goodwin Found., 374 So.2d at 1019 (“[W]hile a judgment was pending on appeal, a trial court has no jurisdiction to entertain a motion to modify or correct the judgment except with permission of the appellate court. Whether the appellate court will grant such permission and temporarily relinquish jurisdiction so the trial court can entertain the 1.640(b) motion will have to be determined upon a case by case basis.” (emphasis added)).
Accordingly, we conclude that the trial court had no jurisdiction to enter the October 24, 2011 order purporting to vacate the Modification Order.[2] We therefore reverse the order being appealed and remand for the trial court to enforce the Modification Order.[3]

Reversed and remanded for further proceedings consistent with this opinion.

HAZOURI and DAMOORGIAN, JJ., concur.

. Apparently believing that her appeal was rendered moot by the erroneous action of the trial court in vacating the Modification Order, the Former Wife voluntarily dismissed her appeal, which dismissal this Court memorialized by written order of December 29, 2011.

. Pursuant to Florida Rule of Appellate Procedure 9.310, however, the trial court could have stayed enforcement of the Modification Order pending appellate review of that order.

. In the interests of judicial economy, we also note that there was no violation of due process leading up to the Modification Order which would render, that order void. While a modification to a parenting plan usually requires the moving party to file a petition for modification and serve the non-moving party with process, see Fla. Fam. L.R.P. 12.070(a), this court has upheld modification orders entered where a contempt motion filed by a "parent who did not violate the time-sharing schedule” requests the trial court to "modify the parenting plan if modification is in the best interests of the child.” See § 61.13(4)(c)6„ Fla. Stat. (2011); Ginnell v. Pacetti, 31 So.3d 217, 218-19 (Fla. 4th DCA 2010). Importantly, the Former Husband's motion alleged that the modification in the parenting plan would be in the child’s best interests and the parties presented evidence and argument concerning the child's best interests at the hearing on the Former Husband’s motions. While we are concerned with the relatively short notice that the Former Husband provided the Former Wife regarding his request to seek modification of the parenting plan, the reasonableness of the Former Husband’s notice is something that would have had to be addressed in a direct appeal of the Modification Order. Additionally, the Former Wife’s affirmative statement to the trial court that she was prepared to address that modification of the parenting plan at the hearing alleviates much of our concern that the notice was not reasonable.