HORTON, Judge.
The appellee was the employee of the-appellant and suffered during the course of his employment compensable injuries, under the Florida Workmen’s Compensation Act. Based upon a 50% permanent. *185 partial disability of the body and the alleged inability of the appellee to return to his work, the parties entered into a stipulated settlement of compensation benefits. Based upon this stipulation, the deputy commissioner of the Florida Industrial Commission, on June 4, 1962, entered an order approving the stipulation of the parties as to the amount and extent of compensation and directed the parties to comply with the provisions of the stipulation and order. Shortly thereafter, the appellee returned to work and the appellants, pursuant to § 440.28, Fla.Stat., F.S.A., petitioned for a modification of the June 4, 1962, order, which petition for modification was denied by the deputy commissioner. The appellants then terminated payment of compensation to the appellee and appealed to the Florida Industrial Commission for review of the order denying modification. The ap-pellee then, pursuant to § 440.24, Fla.Stat., F.S.A., applied to the circuit court for a rule nisi in an attempt to enforce the order and award of the deputy commissioner of June 4, 1962. After hearing on the rule nisi, the circuit court entered an order making the rule absolute and directing the appellants to pay the amount of the award then due, representing past due installments -on compensation, a 20% penalty on past due payments, costs and $250 attorney’s fees. It is this order of which the appellants seek review.
The appellants contend that the court modified or amended the compensation order whereas its sole authority under § 440.-24(1), Fla.Stat., F.S.A., was to enforce the order. Secondly, there was no authority in the circuit court under § 440.24(1) to award attorney’s fees in a collateral proceedings for the enforcement of an award. Lastly, the authority to award penalties on past due compensation payments was vested solely in the Florida Industrial Commission as provided by § 440.20(6), Fla.Stat., F.S.A.
After hearing oral argument and examining the briefs and authorities submitted by the parties, we fail to find merit in the first and last contentions of the appellants. We now turn to a discussion of the award of attorney’s fees.
Neither party has furnished us with any appellate cases in Florida passing upon the question now under discussion, nor have we by independent research been able to uncover any. In that regard see State v. Johnson, Fla.1960, 118 So.2d 223. Section 440.34(1), Fla.Stat., F.S.A., provides in substance that where an employer-carrier shall controvert or decline to pay a claim on or before the 21st day after notice of same or shall otherwise resist unsuccessfully the payment of compensation, and where the injured person has employed an attorney in the prosecution of his claim, there shall, in addition to the award of compensation, be awarded a reasonable attorney’s fee to be approved by the commission.,[1] It is further provided under this section that in any proceedings had to review an award or compensation order before any court, the court may allow or increase attorney’s fees in its discretion which shall be in addition to compensation paid the claimant.[2] Section 440.27(1), Fla.Stat, F.S.A.,[3] provides that orders of the full commission entered pursuant to § 440.24, Fla.Stat., F.S.A., shall be subject to review only by petition for writ of certiorari to the Supreme Court. Inasmuch as the pro *186 visions of § 440.34(1), supra, provide that attorney’s fees may be awarded by any court in a proceeding for review of any claim, and the statute makes the Supreme Court of Florida the only reviewing court, it becomes obvious that the circuit court could not be a reviewing court and would not have the authority conferred by the statute upon the reviewing court, i. e., the Supreme Court of Florida,
Section 440.24(1) [4] provides for the enforcement of compensation orders which, as we understand it, is the proceedings instituted by the appellee to this cause in the circuit court It is equally obvious from reading the pertinent portions of the above statute that the only authority or jurisdiction granted the circuit court in the enforcement of compensation orders is to direct the issuance of a writ of execution or such other process as is necessary to enforce the terms of such order.
The appellee argues that the nature of the proceedings in the circuit court was one of review and therefore his attorneys were entitled to an attorney’s fee. If this contention were true, then it would run counter to the provisions of § 440.27 which provide that such orders are subject to review only by petition for certiorari to the Supreme Court of Florida.
We conclude that without the authority of statute or some enforceable contract or agreement providing for the award of attorney’s fees, attorney’s fees would not be permissible in a proceeding under § 440.24 in the circuit court.
That portion of the order awarding attorney’s fees in the sum of $250 is stricken, and the decree as modified is affirmed.
Affirmed.

.Section 440.84(1). “If the employer * * * shall * * * resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorneys fee, to be approved by the commission =» * *_»

. Section 440.34(1). “* * * If any proceedings are bad for review of any claim, award or compensation order be-for any court, the court may allow or increase the attorney’s fees * *

. Section 440.27(1). “Orders of the full commission * * * shall be subject to review only by petition for writ of cer-tiorari to the supreme court.”

. Section 440.24(1). “In case of default by the employer or carrier in the payment of compensation due under any compensation order of a deputy commissioner or order of the full commission or other failure by the employer or carrier to comply with such order for a period of ten days after the order has become final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall upon application by the commission or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and unless such cause is shown, the said court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the deputy commissioner or full commission.”