196 So.2d 430 (1967)
Ralph STEELE, Petitioner,
v.
A.D.H. BUILDING CONTRACTORS, INC., Robert F. Coleman of Florida, Inc., and Florida Industrial Commission, Respondents.
No. 35546.
Supreme Court of Florida.
February 22, 1967.
Rehearing Denied April 5, 1967.
Kaplan, Dorsey & Sicking and Richard A. Sicking, Miami, for petitioner.
Lally, Miller & Hodges, Miami, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
ERVIN, Justice.
By petition for writ of certiorari we are requested by Petitioner-claimant to review an order of the Florida Industrial Commission denying claim for attorney's fees.
Claimant pursuant to F.S. Sec. 440.24(1) F.S.A., sought a rule nisi in the Circuit Court to enforce an order of the Florida Industrial Commission after the employer-servicing agent terminated payment of the compensation ordered by the Commission. Claimant obtained from the Circuit Court an order for the payment of the compensation due under the existing compensation order, plus payment of the 20% penalty provided for under F.S. Sec. 440.20, F.S.A., and an attorney's fee. The order of the Circuit Court was appealed to the District Court of Appeal, Third District. It affirmed the order with the exception of the attorney's fee, which it reversed. See A.D.H. Building Contractors, Inc., v. Steele, 171 So.2d 184. The claimant then applied to a deputy commissioner for an award of an attorney's fee for his attorney's successful representation of the claimant before the Circuit Court, which included obtaining the 20% penalty, and for the successful representation before the District Court of Appeal, Third District, in securing the affirmance of the rule nisi and the 20% penalty.
The deputy denied the claim for attorney's fees on the ground that as he determined the legislative intent of F.S. Sec. 440.34(1), F.S.A., the Florida Industrial Commission did not have jurisdiction to award an attorney's fee for collateral representation of the claimant (even if successful) for any legal work done before any court, that is, outside of the Commission, notwithstanding that the Third District Court of Appeal had held in reversing the Circuit Court's award of an attorney's fee that the legislative intent of Sec. 440.34(1) did not give such jurisdiction to the Circuit Court either.
The full Commission affirmed the deputy's order refusing an award of an attorney's fee and claimant brings certiorari here to review said order.
We grant the petition and quash the order of the full Commission.
*432 F.S. Section 440.34(1), F.S.A., provides in part:
"(1) If the employer * * * shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorney's fee, to be approved by the commission which may be paid direct to the attorney for the claimant in a lump sum. If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct."
In Lockett v. Smith, Fla., 72 So.2d 817, at 819, the claimant obtained the 20% penalty before the Industrial Commission but was denied attorney's fees. This Court reversed, holding that the attorney's fee statute was not to be nullified by restrictive interpretation, saying:
"[2] We hold that the twenty percent additional amount here recovered under Section 440.20(6) was `compensation' within the meaning of Section 440.34(1). It follows that it was error to deny to the claimant reasonable attorney fees."
The same holding is also found in Rutherford v. Seven-Up Bottling Co., Fla., 83 So.2d 269.
In Phoenix Assurance Co. of New York v. Merritt (Fla.App. 1963), 160 So.2d 552, the District Court of Appeal, Second District, affirmed a circuit court order making a rule nisi absolute in a case where a carrier was in default of a Commission order. The Court said in dicta that the chancellor of the circuit court was correct in holding that he was without jurisdiction to award attorney's fees, but that the matter "* * * would be properly within the jurisdiction of the Deputy Industrial Commissioner and Industrial Commission * *" (Text 553)
In State ex rel. Hartford Accident & Indemnity Co. v. Johnson, 118 So.2d 223 (Fla. 1960), the carrier was in default of an order of the Industrial Commission. The claimant sought a rule nisi in the circuit court. The carrier then sought a writ of prohibition in the Supreme Court to prevent the circuit court from hearing the rule nisi. The Supreme Court denied the suggestion for an alternative writ of prohibition and awarded attorney's fees for representation of the claimant in the Supreme Court. On rehearing the Supreme Court reversed the award of attorney's fees. We ruled in that particular case prohibition was a collateral proceeding and that the Supreme Court did not have authority to award attorney's fees in such a case. However, we made it quite clear that by so holding we were not saying the attorney's fee could not be awarded for the rule nisi itself by the circuit court. We said:
"* * * We are not confronted by any question regarding the power of the circuit judge to award a fee in the enforcement proceeding if request therefor should be made by the employee-claimant." (Text 225)
We said in City of Miami Beach v. Schiffman, Fla., 144 So.2d 799, 803, quoting Lockett v. Smith, supra:
"`* * * Moreover, delinquency will ordinarily imply disinclination or reluctance to pay, or at least to pay promptly, which might well cause the claimant to retain counsel at this stage, or to call again upon counsel already retained, to enforce his rights. He should not be impeded by the thought of counsel fees which may render the enterprise an empty gesture so far as he is concerned. The salutary purpose of Section 440.34 (1), which is one of the few provisions *433 of its kind in the United States, should not be nullified by restrictive interpretation. If doubt exists, it will be resolved in favor of the working man. * * *'" (emphasis in text)
The foregoing considered, it is our view the Full Commission is authorized to fix and approve an attorney's fee for claimant pursuant to said Section 440.34(1), for the reasonable value of his attorney's services in the successful prosecution of his claims in the Circuit Court and the District Court of Appeal, Third District.
Section 440.34(1) should be read in connection with Section 440.24(1), which latter section authorizes enforcement of compensation orders by rule nisi proceedings in the circuit court directing the defaulting employer or carrier to show cause why a writ of execution or other process should not be issued. Such a rule nisi action requires a review of the compensation order by the circuit court to determine whether it has a sufficiently valid basis to support a writ of execution or other process. This brings into play Section 440.34 (1), which authorizes any court to allow or increase the attorney's fees in any proceeding "had for the review of any claim, award or compensation order". Furthermore, Section 440.34(1) provides that if any employer or carrier is unsuccessful in resisting payment of compensation an attorney's fee should be awarded claimant. Thus Section 440.34(1) in its broad terms read in connection with Section 440.24(1) authorizes a circuit judge to award an attorney's fee to claimant when a rule nisiorder is made absolute to enforce payment of compensation. Allowance in the first instance in the circuit court avoids for claimant the delay and unnecessary expense of a second round of proceedings before the Commission for award of an attorney's fee for the successful prosecution of the rule nisi action.
Appeals from rule nisi orders may be taken to the District Courts of Appeal under the constitutional appellate jurisdiction of such courts. Section 440.34(1) undoubtedly allows awarding of attorney's fees by such courts for successful representation of claimants in rule nisi appeals therein.
We conclude the District Court was in error in its ruling the Circuit Court could not award a fee in A.D.H. Building Contractors, Inc., v. Steele, supra. Our denial of a certiorari review of said decision went no further than to indicate we lacked jurisdiction because no decisional conflict appeared. See our memorandum denial in Fla., 177 So.2d 482.
As indicated in State ex rel. Hartford Accident & Indemnity Co. v. Johnson, supra, we reserved decision on the question of whether a circuit judge could award an attorney fee in a rule nisi enforcement proceeding. In this case the question whether such a fee may be awarded a claimant who was successful in a rule nisi proceeding has been properly raised. While we think the circuit court's award of the fee ought to have been allowed to stand, nevertheless the Commission, for the reasons stated above, should in the instant proceedings award the fee. The rather singular circumstances of this case arising in part because we have never had occasion to decide the precise question in a proper case, warrants our now resolving the question with finality.
The cause is remanded to the Commission with direction to determine a reasonable attorney's fee for the successful representation of claimant in said courts.
It is so ordered.
THORNAL, C.J., THOMAS and CALDWELL, JJ., and McMULLEN, Circuit Judge, concur.