380 So.2d 1160 (1980)
UNIVERSAL ENGINEERING CORPORATION, and Employers Insurance of Wausau, Appellants,
v.
Andrew CARTIER, Appellee.
No. 79-1216.
District Court of Appeal of Florida, Third District.
March 11, 1980.
Pyszka, Kessler & Adams and Ramon Malca, Miami, for appellants.
Neil Chonin, Miami, for appellee.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
In this appeal, we are asked to determine whether the trial court properly awarded attorney's fees to claimant's counsel in an equitable distribution proceeding. We hold that the trial court erred in making the fee award and reverse.
Appellee, Andrew Cartier, was awarded $25,350.86 in workmen's compensation benefits from his employer's insurer following a work-related injury.
Cartier then sued Universal Engineering Corporation, the manufacturer of the rock crusher, for defective design. The jury awarded Cartier $75,000 reduced by his 30% comparative negligence or $52,500 plus costs. Upon settlement after appeal was filed, Cartier received $53,250.
Although Cartier claimed the insurer was entitled to $242.80 on its subrogation lien, the insurer sought $10,000. The trial court awarded the insurer $2,500 in the equitable distribution proceeding on its subrogation *1161 lien and awarded, in addition, counsel fees of $2,780 based solely upon counsel's affidavit. Because we find error in the award itself, we do not reach the question of the manner used to determine the amount of attorney's fees, but note that appellee has confessed error on that point.
Both parties agree that Section 440.39(3)(a), Florida Statutes (1973), does not authorize an award of attorney's fees in an equitable distribution proceeding.[1]
Attorney fees contemplated under this section are for the prosecution of the suit against the third party tort feasor, and by the clear language of the statute it does not appear that the legislature intended to provide fees for opposing any claim which might be made in connection with [sic] the "equitable settlement" provided for in the statute. There is no ambiguity in the statute upon which a claim for attorney fees for such service might be resolved in favor of the appellee.
Insurance Company of Texas v. Rainey, 86 So.2d 447 (Fla. 1956) at p. 450.
Appellee argues that Section 440.34(1), Florida Statutes (1973), authorizes the award. He contends that a claimant should not be required to pay his own legal fees in attempting to retain past benefits paid, citing Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla. 1977) for the proposition.
Parrish, supra, involved successful opposition to the modification of an equitable distribution order. It dealt with Section 440.34, Florida Statutes, as the basis for an award of attorney's fees on review of an equitable distribution award, and is therefore distinguishable from the case before this court.
Section 440.34(1), Florida Statutes (1973), states:
If the employer or carrier shall file notice of controversy as provided in § 440.20, or shall decline to pay a claim on or before the twenty-first day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorney's fee, to be approved by the division which may be paid direct to the attorney for the claimant in a lump sum. If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct.
Thus, only a judge of industrial claims may award an attorney's fee in an original proceeding. A court may award a fee only where it reviews a claim. State ex rel. Hartford Accident & Indemnity Co. v. Johnson, 118 So.2d 223 (Fla. 1959). In the case before this court, the trial court heard the case as an original proceeding and therefore lacks authority to award a fee.
We find the trial court committed error in awarding attorney's fees to claimant's counsel in an equitable distribution proceeding.
For the foregoing reasons, we reverse the decision of the trial court awarding attorney's fees.
NOTES
[1] Section 440.39(3)(a), Florida Statutes (1973) states:

Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for plaintiff's attorney ...