441 So.2d 1070 (1983)
Katherine CARAVASIOS, Petitioner,
v.
M.W. SPATES CONSTRUCTION COMPANY, and Old Republic Insurance Company, Respondents.
No. 62245.
Supreme Court of Florida.
September 29, 1983.
Rehearing Denied January 12, 1984.
Paul Siegel of Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, Miami, for petitioner.
John F. McMath, Miami, for respondents.
PER CURIAM.
Katherine Caravasios, a workers' compensation claimant, petitions for review of the decision of the Third District Court of Appeal in Caravasios v. M.W. Spates Construction Co., 414 So.2d 245 (Fla. 3d DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner suffered a compensable injury on December 24, 1975, and was paid compensation and medical benefits by her employer's carrier, Old Republic Insurance Company. Subsequently, petitioner and her husband sued third-party tort-feasors for negligence in causing her injuries. Allegations by the husband included the incurring of past and future medical expenses. The jury rendered a verdict in the amount of $160,000 for petitioner and nothing for the estate of the husband who died during litigation. Petitioner settled for $150,000 to avoid an appeal. Old Republic moved for its statutory share pursuant to a notice of lien filed under section 440.39(3)(a), Florida Statutes (1975),[1] and was *1071 awarded fifty per cent of all monies it had paid, including penalties and interest, and fifty per cent of future benefits to be paid by Old Republic. Petitioner's request for attorney's fees for resisting the action was denied.
Petitioner appealed, protesting the denial of fees and the fifty per cent award of past and future medical benefits, including the award for professional medical services and reimbursement for penalties and interest. The court affirmed the fee denial, citing Universal Engineering Corp. v. Cartier, 380 So.2d 1160 (Fla. 3d DCA 1980), but reversed that portion of the trial court's order awarding reimbursement for penalties and interest the carrier was required to pay because of its dilatory payment of claims. Appellate counsel was awarded a fee under the authority of Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla. 1977), for success in having the order so modified. Petitioner contends that the instant case conflicts with Parrish on the issue of the propriety of an attorney's fee award when an employer or carrier unsuccessfully asserts a lien in the circuit court under section 440.39(3)(a), and that Parrish was interpreted incorrectly in Cartier.
A careful reading of the statutes and case law controlling this issue supports the result reached by the district court below. All parties agree that nothing in section 440.39, Florida Statutes (1975), permits the trial court to award claimant attorney's fees. See Insurance Company of Texas v. Rainey, 86 So.2d 447 (Fla. 1956). Thus, if authorization for the award of attorney's fees is to be found, it must be in section 440.34, Florida Statutes (1975). That section provides in pertinent part:
(1) If the employer or carrier shall file notice of controversy as provided in s. 440.20, or shall decline to pay a claim on or before the 21st day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation be awarded reasonable attorney's fee, to be approved by the judge of industrial claims which may be paid direct to the attorney for the claimant in a lump sum. If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct.
(Emphasis supplied.)
The plain language of the statute provides for an award of attorney's fees in two, and only two, situations: (1) In an original proceeding to compel carrier to render benefits due on a valid claim, the judge of industrial claims has power to award attorney's fees. (2) If any appeal is taken from a claim, award or compensation order, the appellate court may grant attorney's fees in connection with that appeal. The rule of statutory construction inclusio unius est exclusio alterius clearly demonstrates that the award of attorney's fees is not authorized for trial proceedings such as the one now before us.
*1072 The case law on this point is consistent with the plain language of the statute. In State ex rel. Hartford Accident & Indemnity Co. v. Johnson, 118 So.2d 223 (Fla. 1959), this Court construed a virtually identical predecessor to this statute as allowing awards of attorney's fees only for proceedings before the Industrial Commission or for appellate proceedings seeking review of a claim, award or compensation order. Johnson had brought an original proceeding in circuit court seeking a rule nisi directing the carrier to show cause why the award made by the Industrial Commission should not be paid. Because the proceeding was original in the circuit court, not appellate, Johnson was not entitled to recover attorney's fees.
Nor is Ohio Casualty Group v. Parrish in any way contradictory of this construction of the statute. There the carrier sought to review an existing equitable distribution order to modify it to conform with a new version of the workers' compensation law. Such review is expressly contemplated as triggering the potential award of attorney's fees.
In Universal Engineering Corp. v. Cartier, the Third District Court of Appeal correctly summarized the statute and case law: "Thus, only a judge of industrial claims may award attorney's fees in an original proceeding. A court may award a fee only where it reviews a claim." (Emphasis in original.)
There is no question that Caravasios is entitled to recover attorney's fees for the appeal of the equitable distribution order. It is equally clear that, under the statute, she is not entitled to attorney's fees for the original proceedings in the trial court. Petitioner advances strong policy arguments supporting an award of attorney's fees in equitable distribution proceedings in light of the purpose behind granting attorney's fees in appellate proceedings. However, if a change in this state of affairs is necessary, it must come from the legislature and not from judicial expansion of a statute plain on its face.
The district court having adequately addressed the issues petitioner raises relating to the medical expenses and professional medical services, we approve the court's disposition of those points; accordingly, the decision of the district court is approved on all issues.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] In all claims or actions at law against a third party tort-feasor, the employee, or his dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee individually, and for the use and benefit of the employer if a self-insurer, or employer's insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover 50 per cent of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit or their attorneys of record.