554 So.2d 549 (1989)
CITY OF MIAMI, Appellant,
v.
James KNIGHT, Appellee.
No. 89-117.
District Court of Appeal of Florida, First District.
November 28, 1989.
Rehearing Denied January 24, 1990.
Jorge L. Fernandez, City Atty., Martha D. Fornaris and Kathryn S. Pecko, Asst. City Attys., for appellant.
Mark L. Zientz, of Williams & Zientz, Miami, and Joseph C. Segor, Miami, for appellee.
WENTWORTH, Judge.
The self-insured employer seeks review of an amended workers' compensation order by which claimant was awarded an attorney's fee and costs. Appellant contends the judge of compensation claims (JCC) had no jurisdiction to award an attorney's fee because the issue was not reserved in the merits order. We affirm.
Claimant sustained an industrial injury in 1975 and was accepted by the employer as permanently totally disabled in 1980. Permanent total disability (PTD) benefits were commenced, and in 1981 the judge approved the parties' stipulation that claimant was "administratively accepted" as permanently *550 totally disabled. PTD benefits were paid until the employer filed a "notice of suspension of compensation" in 1985, asserting that claimant had demonstrated an ability to work. The employer did not seek modification of the approved stipulation before suspending benefits, and its action was based on information that claimant had been working throughout the period of time for which the employer was paying compensation benefits.
Claimant filed a claim for resumption of his PTD benefits, and the employer filed a petition for modification, although continuing to maintain that modification was unnecessary. Claimant filed an amended claim which also sought additional retroactive PTD benefits, based upon the employer's offset of workers' compensation benefits against pension payments. Claimant also applied to the circuit court for a rule nisi to compel the employer to resume PTD benefits until a ruling on the petition for modification. The circuit court entered an order requiring such payment; the employer complied, and did not appeal the circuit court order.
Hearings were held and evidence presented before the JCC, and an order was entered granting the petition for modification. The JCC determined that claimant is no longer permanently totally disabled, and the modification was made effective as of the date of the JCC's order. However, the JCC awarded an additional workers' compensation payment, retroactive to 1980, in an amount determined by comparison of claimant's reduced pension and average weekly wage. The JCC's order was appealed and in City of Miami v. Knight, 510 So.2d 1069 (Fla. 1st DCA 1987), review denied 518 So.2d 1276 (Fla. 1987), this court gave conclusive effect to the circuit court's determination in the rule nisi proceeding that the PTD benefits were being made "under a compensation order," and accordingly affirmed the JCC's establishment of the date of order as the effective time for modification. But we further determined that while the JCC had jurisdiction to consider an award of additional compensation for the pension offset, such offset was nevertheless permissible and did not constitute an invalid waiver of compensation benefits. In Knight, supra, we therefore reversed the JCC's award of additional compensation, and also determined that there was sufficient evidence to support the JCC's finding that claimant is no longer permanently totally disabled.
Claimant then applied to the JCC for an attorney's fee based upon the reinstatement of benefits prior to modification, suggesting that these benefits, including interest and the PTD supplement, be valued in excess of $25,000. The attorney also indicated that he had expended 81 hours on the case between March 1985 and July 1987, and requested a fee at the rate of $250 per hour. The employer's attorney argued that the JCC did not have jurisdiction to award an attorney's fee because the issue had not been reserved in the JCC's modification order. Counsel submitted a detailed time sheet, and the JCC entered an order awarding a fee.
In the fee order the JCC recited his consideration of Lee Engineering & Const. Co. v. Fellows, 209 So.2d 454 (Fla. 1968), and section 440.34, Florida Statutes, as well as Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), stating that he "utilized the Federal Lode Stare" [sic] approach in determining entitlement to and the amount of the attorney's fee. However, the JCC thereafter detailed the specific Lee Engineering and 440.34 criteria, without any apparent application of the lodestar approach. The JCC determined that 81 hours of "productive time" had been expended by claimant's attorney, on novel and difficult issues. Suggesting that the complexity of the case warrants a greater fee, the JCC determined that the employer had acted in bad faith and awarded costs and a $16,200 fee "based upon 81 hours of legal time expended at $200 per hour." The employer sought rehearing and the JCC thereafter entered an amended order deleting the bad faith finding, but again awarding costs and a $16,200 fee.
Because claimant failed to obtain an explicit attorney's fee ruling from the JCC when the modification order was entered, *551 and then declined to pursue the issue on appeal, the claim could be deemed to have been waived insofar as the matter was matured and ripe for adjudication. We note also that concepts of res judicata and law of the case might apply to the extent that the modification order can be interpreted as denying the claim. But given the liberal interpretation afforded to chapter 440, the supreme court has indicated in a workers' compensation case that res judicata should not be applied where it will work an injustice. See deCancino v. Eastern Airlines Inc., 283 So.2d 97 (Fla. 1973). Claimant suggests that the parties effectively agreed not to pursue the attorney's fee issue at the modification hearing. In the circumstances of this case, involving the collateral nature of the attorney's fee claim as impacted by the rule nisi proceeding, we find that it would be inequitable to apply waiver or res judicata/law of the case doctrines to now preclude the claim. In accordance with deCancino the JCC was entitled to exercise jurisdiction in this case to award an attorney's fee.
We also affirm as to the amount awarded. The applicable attorney's fee statute, section 440.34(1), Florida Statutes (1975), requires as a predicate for a fee award that the claimant "have employed an attorney at law in the successful prosecution of the claim." The employer argues that claimant did not successfully prosecute the claim. The employer notes that the petition for modification was granted, so that the employer is no longer paying PTD benefits. The JCC's award of excess compensation, so as to offset the pension deduction, was reversed on appeal, see City of Miami v. Knight, supra, and the supreme court's subsequent ruling in Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989), approving the JCC's approach to the pension dispute, came after the supreme court had denied review of this court's earlier Knight decision. However, in addition to the pension dispute, claimant was also successful before the JCC in resisting the employer's attempt to unilaterally suspend the payment of PTD benefits without a modification order. The employer maintained this position even though claimant had secured a rule nisi from the circuit court directing the payment of such benefits. The JCC ruled that such benefits were fully payable until the date the modification was entered, and this ruling was affirmed on appeal based on the unchallenged circuit court determination in the rule nisi proceeding.
Counsel was also successful in the rule nisi proceeding. The employer argues that no fee may be awarded by the JCC for such representation in the circuit court. In State ex rel. Hartford Accident & Indemnity Co. v. Johnson, 118 So.2d 223 (Fla. 1960), the supreme court declined to award an attorney's fee for successfully defending a prohibition request addressed to a rule nisi proceeding in the lower court. However, in the subsequent case of Steele v. A.D.H. Building Contractors Inc., 196 So.2d 430 (Fla. 1967), the court cautioned that Johnson did not present the issue of whether a fee could be awarded below for the rule nisi action. Steele indicated that such a fee could be awarded below, pursuant to section 440.34, Florida Statutes, by either the circuit court or the Industrial Relations Commission. Steele involved the appeal of a Commission order affirming a deputy commissioner's denial of a fee, after the circuit court's award of a fee had been reversed by the district court of appeal. Subsequent to Steele, the supreme court cited Johnson and suggested that a fee may be awarded "only for proceedings before the Industrial Commission or for appellate proceedings seeking review of a claim, award, or compensation order." See Caravasios v. M.W. Spates Construction Co., 441 So.2d 1070 (Fla. 1983). But Caravasios did not expressly recede from Steele, and thus in accordance with Steele we conclude that the JCC in the present case could award a fee for counsel's success in the rule nisi proceeding, where counsel did not obtain a fee from the circuit court.
Counsel's time records adequately delineate the hours expended in various activities, and properly include hours related to both the rule nisi and the modification *552 proceeding. The employer asserts that the retroactive PTD benefit obtained should be valued at only $7,600, but evidence was presented that when the statutory interest and PTD supplement are also considered the total benefit obtained amounts to over $25,000. And the employer forced claimant to confirm this award in two different forums. The $16,200 fee is thus not as disproportionate to the value of the benefit as it might initially seem. The JCC awarded a fee based upon counsel's 81 documented hours, at a rate of $200 per hour (counsel had asked for $250 per hour), and noted the difficulty, novelty, and complexity of the case. In the context presented it has not been shown that the JCC abused his discretion with regard to the amount of the fee awarded.
In the fee order the JCC stated that he "utilized" the federal lodestar approach in accordance with Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). It has been established that the lodestar methodology should not be applied to workers' compensation attorney's fees. See What an Idea Inc. v. Sitko, 505 So.2d 497 (Fla. 1st DCA 1987). But while the JCC made reference to the lodestar approach, he also expressed consideration of Lee Engineering & Const. Co. v. Fellows, 209 So.2d 454 (Fla. 1968), and section 440.34. The fee order contains a detailed application of the Lee Engineering factors, with no contingency multiplier or other lodestar reference after the JCC's initial citation of Rowe. The reference to the Rowe lodestar approach may thus be deemed harmless, as the order otherwise indicates that the JCC applied the appropriate Lee Engineering methodology in determining the amount of attorney's fee to be awarded.
Affirmed.
JOANOS and THOMPSON, JJ., concur.